## F. LOWRY v. STATE.

No. A-6541.  Opinion Filed April 13, 1929.
(276 Pac. 513.)

Clay Snodgrass, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter

called the defendant, was convicted in the county court of Tillman county on a charge of transporting intoxicating liquor, and his punishment fixed at a fine of $50 and confinement in the county jail for a period of 30 days. Motion for new trial was filed, overruled, exceptions saved, and the case appealed to this court.

Before the case was called for trial, the defendant filed his motion to suppress and exclude from the jury all evidence relating to intoxicating liquor, alleged in the information to be choc beer, for the reason the same was taken from the automobile in which the defendant was brought into the town of Hollister, by breaking into said automobile, which was locked, and was an unlawful search and seizure, made without a search warrant on the part of the parties breaking the lock on the car. The defendant had been arrested at that time on a charge of attempt to rape. Testimony was heard by the court upon the motion to suppress the evidence, and the motion of the defendant was overruled, and defendant duly excepted to the ruling of the court. The jury was then called, and the state, in order to sustain the allegations in the information, called E. L. Williamson as a witness, who testified, in substance, as follows: That he was a deputy sheriff; he knew the defendant F. Lowry; he arrested the defendant on the 3d day of September, 1926, about a mile and one-fourth from Hollister; that Shep Morton and Ledbetter were in the car with defendant at the time of his arrest; that he did not know of anything being found in the car the parties were driving after they came into Hollister, and the car was turned over to him with directions to place it in a garage.

The testimony on behalf of the state further shows that the state called Bernice Gray as a witness, who testified to a statement she heard defendant make with reference to drinking beer a short time before the defendant was brought into Hollister. On cross-examination, the witness was asked if she was not the same Bernice Gray who

had charged the defendant with rape, and she answered, "Yes," and the court then admonished the defendant's attorney that the charge against the defendant was attempt to rape, and the defendant then asked to have his statement in the record corrected to read attempt to rape instead of rape. The county attorney then, in the presence of the jury, stated that he thought the defendant was guilty of both rape and attempt to rape, which statement of the county attorney was excepted to by the defendant as being prejudicial conduct in the presence of the jury. The court then admonished the jury that, if it heard the statement of the county attorney, to ignore it entirely; that they were only trying one case.

The testimony further shows that when the sheriff took the defendant into town that witnesses Kilgore, Harper, and others jerked the defendant around, and Kilgore admits he beat him up. The record shows that the officer having defendant in charge did not interfere or attempt to protect the prisoner.

The alleged offense was transporting intoxicating liquor, to wit, choc beer. After the defendant was in jail or taken away, these private citizens broke open the car which had been driven by Ledbetter and found what they claimed to be bottles of liquid of some kind, and witness Kilgore, who admitted he had beaten the defendant up, stated they were quart bottles, that he delivered some of them to Mr. Harper, and Harper in turn claims to have delivered them to McCorkle, and McCorkle delivered them to a man by the name of Wages, who claims he brought them from Hollister to Oklahoma City and delivered some of them to a chemist. The chemist, several days after the bottles were taken out of the car in Hollister, testified he analyzed the contents of a pint bottle brought to him by the witness Wages, and that the contents of the bottle at the time he analyzed it in Oklahoma City contained 8.45 per cent. alcohol measured by volume; that he did not know

where the bottle delivered to him came from, and stated positively it was not a quart bottle. Witness Kilgore was then recalled, and he could not identify any of the bottles present in the courtroom as being any of the bottles taken from the car.

The defendant took the stand in his own behalf, and testified that Ledbetter was driving the car the day he was arrested; that some of the boys in the neighborhood had been driving his car, and he knew nothing about there being bottles in the car, and, if there were any there, they were put there without his knowledge or consent. Defendant also testified he had heard the testimony of the witness Bernice Gray, and that he did not make any statement in her presence as to the drinking of a bottle and a half of beer. Miss Gray was the witness who prosecuted him in the trial wherein he was charged with attempt to rape, of which he was acquitted by a jury.

The defendant has assigned several errors alleged to have been committed in the trial of this case; the first one being that the court erred in not sustaining his motion to suppress the testimony with reference to certain bottles being found in the car, for the reason that, when they claim the bottles were found, he was in custody on another charge not in any way whatever connected with the charge of transporting choc beer that was intoxicating, and that the officers did not break into the car, but it was broken into by private citizens without any authority whatever. In view of the facts disclosed by the record in this case, that the sheriff having the defendant in custody on a charge of attempt to rape permitted the citizens to beat him up, and did not attempt to protect him from the violence of the citizens, and in view of the further fact that the sheriff had taken the defendant in charge and did not examine the car that was driven into town by Ledbetter, who was admitted to be driving the car owned by the defendant, the action of the private citizens in breaking into the car was

without authority of law, and any evidence secured by the unlawful breaking of the lock of the car was inadmissible against the defendant upon the charge against defendant in this case.

It is further urged by the defendant that, if the evidence of what was found in the car was properly admitted, it would not sustain the allegations in the information; there being no proof sufficient to sustain the verdict and judgment that the contents of the bottles found in the car were intoxicating. No witness claims to have tasted the liquid in the bottles found in the car. Witness Kilgore testified that the bottles found were quarts, and the chemist testified that the liquid he analyzed was in a pint bottle, was probably intoxicating, depending upon the quantity used. The testimony fails to show that the bottle analyzed by the chemist was one of the bottles taken out of the car.

The defendant has assigned several errors alleged to have been committed at the trial, but in the view we take of this record it is not necessary to consider them. We hold that the court, in admitting any testimony as to what was found in the car, which was broken open by private citizens who took part in beating the defendant up while he was in custody on a charge of attempt to rape, was an error, and that the motion of the defendant to suppress such testimony should have been sustained. The statements of the county attorney in the presence of the jury as to his belief of the guilt of the defendant of both rape, and attempt to rape, which charge was not involved in the charge defendant was being tried for, was improper and prejudicial to the rights of the defendant, even though the court admonished the jury to disregard the testimony, and that the competent testimony admitted in this case was insufficient to sustain the verdict and judgment.

The case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.