Commonwealth ex rel. Torrance *v.* Salzinger.

Argued January 16, 1962. Before BELL, C. J., MUS-MANNO, JONES, EAGEN and O'BRIEN, JJ.

*Gilbert J. Helwig,* with him *Elder W. Marshall,* and *Reed, Smith, Shaw & McClay,* for petitioner.

*Huette F. Dowling,* Special Deputy Attorney General, for respondent.

OPINION BY MR. CHIEF JUSTICE BELL, January 30, 1962:

We took original jurisdiction of this Petition for a Writ of Habeas Corpus under the power conferred upon us by Article V, Section 3, of the Constitution (1) because of the extraordinary circumstances in this case, (2) because of the very serious illness of petitioner, (3) because petitioner concedes there is no new evidence nor any factual issue involved but solely a question of law, and (4) because petitioner had filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania and Torrance's appeal from the Order dismissing his petition will not be considered by the Court of Appeals for the Third Circuit until Torrance, pursuant to 28 U.S.C. §2254, has exhausted his remedies in this Court.

The basis of petitioner's contention is that there was a lack of adequate or sufficient evidence to prove his guilt of the crime of which he was convicted in

Dauphin County and hence he was deprived of due process. A gigantic fraud was perpetrated on the Commonwealth of Pennsylvania in connection with the construction of a part of the Northeastern Extension of the Pennsylvania Turnpike, for which a number of people were convicted and duly sentenced. Torrance, who was a member of the Pennsylvania Turnpike Commission at the time this fraud was committed by others, was convicted with three others for conspiracy.

The crime of conspiracy for which these defendants were convicted arose principally out of a contract dated February 28, 1955, between the commission and Manu-Mine. The contract provided for surface support for the right-of-way of the Northeastern Extension of the Turnpike across the anthracite coal regions by the use of slushing material into mine voids underlying the roadway area, which land had been appropriated by the Commission for part of the Northeast Highway.

The basic question involved in the Torrance (and Evans) appeals was thus stated: Was the Commonwealth's evidence legally sufficient to prove beyond a reasonable doubt that each of these particular defendants was guilty of criminal conspiracy to perpetrate this fraud? The Superior Court, in an exhaustive opinion (*Commonwealth v. Evans*, 190 Pa. Superior Ct. 179-269, 154 A. 2d 57 (1959)), discussed the evidence in great detail and held that it was sufficient to prove that Torrance was guilty of conspiracy. Three of the seven members of the Superior Court strongly dissented. An allocatur was allowed to this Court. This Court in a three line Per Curiam Opinion (which represented the views of four members of this Court) affirmed the judgment of the Superior Court, 399 Pa. 387, 160 A. 2d 407 (April 1960). The present Chief Justice wrote a lengthy dissenting opinion (which was joined in by Mr. Justice JONES), in which he carefully reviewed the evidence and stated his conviction that

the evidence was not sufficient to prove that defendant was guilty of the crime charged.*

Petitioner relies upon two decisions of the Supreme Court of the United States which were handed down after this Court's decision in Torrance's first appeal, namely: *Garner v. Louisiana,* 30 U.S.L.W. 4070 (Opinion filed on December 11, 1961) and *Thompson v. City of Louisville,* 362 U. S. 199 (1960). Torrance contends that these decisions demonstrate that he was deprived of due process which is guaranteed by the Fourteenth Amendment. In our judgment neither of these cases is apposite or controlling. Both are concerned with the *complete absence* of any evidence to support a conviction. In the *Thompson* case, supra, the Court said (page 199) : "The ultimate question presented to us is whether the charges against petitioner were *so totally devoid*** of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. *Decision of this question turns not on the sufficiency of the evidence, but on whether this conviction rests upon any evidence at all.*"

In *Garner v. Louisiana,* supra, this Court said (page 4071) : "As in Thompson v. City of Louisville, 362 U. S. 199, our inquiry does not turn on a question of sufficiency of evidence to support a conviction, but on whether these convictions rest upon any evidence which would support a finding that the petitioners' acts caused a disturbance of the peace."

Rule discharged and petition dismissed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

* The writer of this Opinion is still firmly convinced that the evidence was insufficient to sustain Torrance's conviction.

** Italics throughout, ours.