## Commonwealth ex rel. Budd, Appellant, *v.* Maroney.

Submitted March 18, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Russell Budd,* appellant, in propria persona.

*Robert F. Hawk,* Assistant District Attorney, and *John H. Brydon,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 6, 1965:

On February 25, 1953, Alice G. Storch was murdered in her home in Cranberry Township, Butler County. The Commonwealth contended that her husband, Ernest E. Storch, had hired the assassins. Russell Budd and Walter Henderson were charged with the crime as the actual assailants.

Storch was convicted on two counts of accessory before the fact to murder. Henderson entered a general plea to the charge of murder and after the taking of testimony, the court fixed the degree of murder as murder in the first degree and sentenced him to life imprisonment.

Russell Budd, the appellant in this appeal from the denial of his petition for a writ of habeas corpus, stood

trial before a court and jury. He was represented by counsel and was found guilty of murder in the first degree and the penalty was fixed at life imprisonment.

Budd now files a petition for a writ of habeas corpus, alleging that Henderson, who testified against him, perjured himself and that he has now signed an affidavit swearing that the testimony he gave at Budd's trial was false. The petitioner has attached a copy of that affidavit to his petition. The petitioner also raises other issues in his petition. These issues, however, even if proved, are not the grounds for a writ of habeas corpus but are matters which should have been raised on appeal. The writ on these matters is not a substitute for an appeal. *Com. ex rel. Light v. Maroney,* 413 Pa. 254, 196 A. 2d 659 (1964).

The issue of a conviction based upon perjured testimony which relator alleges was introduced by the district attorney with knowledge of the perjury, is, however, an allegation which, if proved, would be grounds for the granting of the writ. *Napue v. Illinois,* 360 U.S. 264, 79 S. Ct. 1173 (1959).

It is conceded that the recanting of testimony by a co-conspirator after conviction is evidence of the lowest credibility. However, it would appear that a hearing should have been held to determine the validity of the petitioner's charge. In the instant case, the petitioner was brought before the court when the petitioner sought leave to file his petition in forma pauperis. At that time, he was permitted to speak and he spoke until he told the judge he had nothing more to say.

The lower court, in passing on the petition, avers that this opportunity to speak was tantamount to a hearing. We must disagree. The law is clear that if the evidence of the Commonwealth's witness was perjured and if the district attorney knowingly permitted this testimony to be introduced, the writ must be granted and a new trial ordered. *Mooney v. Holohan,* 294

U.S. 103, 55 S. Ct. 340 (1935); *Pyle v. Kansas,* 317 U.S. 213, 63 S. Ct. 177 (1942), and *Napue v. Illinois,* supra.

The petitioner must be granted an opportunity to prove his allegations. Henderson should be brought into court to affirm or deny his affidavit and to be cross-examined by the Commonwealth. The issue of intentionally introduced perjured testimony must be determined. A mere examination of the record will not accomplish this end. The Federal precedents are clear and unequivocal on this point. A hearing must be held and, if the allegation is proved, the writ must be granted, even if there is sufficient other evidence in the record to sustain the conviction. If, however, the hearing reveals that there was no perjury intentionally or knowingly introduced, the petition should be denied.

Order reversed with directions to the court below to hold a hearing consistent with this opinion.

Mr. Justice ROBERTS concurs in the result.