423 Pa. 113 (1966)
Commonwealth ex rel. Wilkes, Appellant,
v.
Maroney.
Supreme Court of Pennsylvania.
Submitted March 21, 1966.
September 27, 1966.
*114 Before BELL, C.J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.
John Wilkes, Sr., appellant, in propria persona.
William J. Franks, Assistant District Attorney, and John R. Hoye, District Attorney, for Commonwealth, appellee.
*115 OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:
John Wilkes, Sr., was tried by a jury and convicted of murder in the second degree in the Court of Oyer and Terminer of Fayette County on December 14, 1961. We affirmed the conviction on April 21, 1964. Commonwealth v. Wilkes, 414 Pa. 246, 199 A. 2d 411 (1964). Certiorari was denied by the Supreme Court of the United States on December 7, 1964, 379 U.S. 939, 85 S. Ct. 344 (1964).
On June 22, 1965, Wilkes filed a habeas corpus petition in the court of common pleas which was denied without hearing. Now before us is the appeal from that denial. After reviewing the petition and the record, we affirm the denial of the court below.
At appellant's trial he readily admitted shooting and killing his twenty year old son Ronald, while the latter was attempting to break into appellant's house near midnight. This evidence was corroborated by witnesses present at the shooting, one of whom was the defendant's twelve year old daughter. The evidence most favorable to the Commonwealth further tended to show that present in appellant's house on the night of the shooting was a woman with whom both the deceased and the appellant had had sexual relations and about whom appellant and deceased had argued on a previous occasion, that appellant and deceased had had in the recent past several confrontations over matters not related to the woman, during which appellant had struck and threatened the deceased, that the deceased was larger by only ten pounds than the appellant and that when appellant reached for his shotgun just prior to the shooting, he knew that the intruder at his door was his son Ronald. Defense strategy at trial was focused on a plea of self-defense.
Appellant contends that the statements made to police by him after his arrest were involuntary and were *116 introduced at trial in violation of his constitutional rights. This claim is clearly barred by the defense's failure to interpose any objection or, in any other way, to apprise the court of a claim that coerciveness surrounded the statements. E.g., Commonwealth ex rel. Fox v. Maroney, 417 Pa. 308, 207 A. 2d 810 (1965).
Relying on Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758 (1964), appellant asserts that he is entitled to relief because of the introduction at trial of statements he made to police without the advice of counsel. While it is true that Escobedo was decided on June 22, 1964, almost three years after appellant's trial, appellant's conviction was not then "final" as we defined that word in Commonwealth v. Negri, 419 Pa. 117, 128-29, 213 A. 2d 670, 675-76 (1965), and thus under Negri appellant would have been entitled to raise an Escobedo claim. In the meanwhile, however, the Supreme Court of the United States has decided that Escobedo need only be applied to defendants whose trials began after June 22, 1964. Johnson v. New Jersey, 384 U.S. 719, 723, 86 S. Ct. 1772, 1775 (1966). Since our finality holding in Negri was solely premised on our projection as to the category of cases to which the Supreme Court intended the Escobedo rules must apply and since that category has now received a different, and definitive delineation which does not encompass appellant's case, appellant is not entitled to raise an Escobedo claim. Commonwealth v. Cheeks, 423 Pa. 67, 223 A. 2d 291 (1966).
Appellant claims that he did not receive constitutionally adequate counsel. The record clearly indicates that at trial appellant was defended by two attorneys, one of whom had forty years experience including a number of years as an assistant district attorney. Moreover, a reading of the record does not suggest that the conduct of appellant's defense was constitutionally inadequate. *117 Appellant's contentions seem to come down to the fact that he is not now satisfied with the strategy adopted by his counsel at trial. We have said before that such claims afford no basis for a hearing or for relief. Commonwealth ex rel. LaRue v. Rundle, 417 Pa. 383, 386-89, 207 A. 2d 829, 831-32 (1965).
Wilkes' petition in this Court also contains a statement suggesting that he was denied counsel on appeal. This allegation is refuted by the record and by the opinion of this Court, Commonwealth v. Wilkes, 414 Pa. 246, 248, 199 A. 2d 411, 412 (1964). In the absence of some extraordinary circumstance described with specificity, a bare allegation in a habeas corpus petition which is clearly contradicted by the record does not entitle the petitioner to a hearing. Commonwealth ex rel. Ryan v. Rundle, 411 Pa. 613, 618, 192 A. 2d 362, 364, cert. denied, 375 U.S. 948, 84 S. Ct. 358 (1963); see Commonwealth ex rel. Bolish v. Banmiller, 396 Pa. 129, 131, 151 A. 2d 480, 481, cert. denied, 361 U.S. 898, 80 S. Ct. 201 (1959); cf. Commonwealth ex rel. Butler v. Rundle, 407 Pa. 535, 538, 180 A. 2d 923, 925, cert. denied, 371 U.S. 866, 83 S. Ct. 127 (1962). Moreover, appellant's failure to raise this point in the habeas corpus petition he presented to the court below precludes him from relief on this claim here. See Commonwealth ex rel. Pacewicz v. Turley, 399 Pa. 458, 466, 160 A. 2d 685, 689 (1960); Commonwealth ex rel. Hullig v. Ashe, 145 Pa. Superior Ct. 11, 18, 20 A. 2d 852, 856 (1941).
Several of appellant's contentions surround the admissibility of "love notes" which passed between himself and a young woman with whom both he and his son Ronald were having sexual relations. Appellant's claim that the notes were incompetent because they were turned over to the prosecution by his wife was considered and disposed of by us on direct appeal. Commonwealth v. Wilkes, 414 Pa. at 250-51, 199 A. 2d *118 at 413. His claim, raised for the first time in his petition for habeas corpus, that the notes should have been excluded because their inflammatory quality outweighed their relevance was an issue which could have been raised at trial. Trial counsel's failure to do so, even though mistaken, may not be rectified by a writ of habeas corpus. As we have said time and again, the writ of habeas corpus may not be used to circumvent procedural rules. See, e.g., Commonwealth ex rel. Walls v. Maroney, 416 Pa. 290, 295, 205 A. 2d 862, 865 (1965).
Appellant also asserts that the "love notes" should not have been admitted at trial because they were obtained in violation of the Fourth Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684 (1961). Appellant's Fourth Amendment claim here may be simply disposed of by citing the failure of the defense at any time during a post-Mapp trial or its appeal to challenge admission of the evidence on Fourth Amendment grounds.[1] See Commonwealth v. Raymond, 412 Pa. 194, 201-03, 194 A. 2d 150, 154 (1963), cert. denied, *119 377 U.S. 999, 84 S. Ct. 1930 (1964). Defense counsel's objection to the admission of the "love notes" was clearly confined to the ground that they violated the rule that testimony of a defendant's spouse is not normally admissible in a criminal trial. As we have said before "[w]here the reason upon which an objection is based is specifically stated, as was done in this case, all other reasons for exclusion are waived." Commonwealth v. Negri, 414 Pa. 21, 29, 198 A. 2d 595, 600 (1964).
Appellant argues that his acquittal by a coroner's jury made his subsequent prosecution in the court of oyer and terminer a denial of due process. There is no basis in reason or authority for an equation of the effect of a trial jury verdict and a coroner's jury verdict for purposes of the doctrines of double jeopardy or autrefois acquit. The coroner's inquest is merely designed to serve "as an aid in the detection of crime and . . . [is] merely advisory to those charged with the administration of the criminal law." Commonwealth ex rel. Linde v. Maroney, 416 Pa. 331, 334, 206 A. 2d 288, 290 (1965). We have held that a conviction of first degree murder could not be attacked in a habeas corpus proceeding solely because a coroner's jury had recommended that the defendant be held for the grand jury only on a manslaughter charge. Commonwealth ex rel. Tanner v. Ashe, 365 Pa. 419, 76 A. 2d 210 (1950). We have even said that a coroner's inquest may normally be held in the absence of the defendant, Commonwealth ex rel. Linde v. Maroney, supra or his counsel, Commonwealth *120 ex rel. LaRue v. Rundle, 417 Pa. 383, 385, 207 A. 2d 829, 831 (1965); Commonwealth ex rel. Swilley v. Maroney, 420 Pa. 419, 218 A. 2d 242 (1966). Surely, in view of this, it cannot be maintained that any substantial rights are concluded by the coroner's jury.
Appellant urges that his detention for a period of three and one half days prior to a hearing violated his constitutional rights. Since we have already disposed of petitioner's contention with regard to the exclusion of his pretrial statements, we fail to see how such a three and one half day period of detention, of itself, affords petitioner any legal remedy at this time. As we have said before, "the absence of an immediate preliminary hearing for a person arrested does not, of itself, constitute any violation of his constitutional rights." Commonwealth ex rel. Santiago v. Myers, 419 Pa. 326, 329, 214 A. 2d 206, 208 (1965).[2]
Appellant next asserts that evidence introduced at his trial at most supports a conviction of voluntary manslaughter and that the court erred in charging the jury in regard to murder and manslaughter. Our review of the record convinces us that there was clearly no such lack of evidence as to constitute a constitutional denial of due process. See Commonwealth ex rel. Torrance v. Salzinger, 406 Pa. 268, 177 A. 2d 619, cert. denied, 369 U.S. 888, 82 S. Ct. 1162 (1962). Any further complaint as to the sufficiency of the evidence may not be raised in this habeas corpus proceeding since appellant failed to raise this ground in his direct *121 appeal.[3] See, e.g., Commonwealth ex rel. Budd v. Maroney, 418 Pa. 454, 211 A. 2d 479 (1965); Commonwealth ex rel. Bishop v. Maroney, 399 Pa. 208, 159 A. 2d 893, cert. denied, 364 U.S. 846, 81 S. Ct. 89 (1960). As to the charge, it should be noted that the trial judge instructed the jury on murder and voluntary manslaughter without exception being taken in this respect. Even assuming the charge was incorrect in light of our change in the law of manslaughter in Commonwealth ex rel. Johnson v. Myers, 402 Pa. 451, 167 A. 2d 295, cert. denied, 366 U.S. 921, 81 S. Ct. 1099 (1961),[4] we specifically held in the Johnson case that errors in a charge may not be the basis for relief in a habeas corpus proceeding. Id. at 456, 167 A. 2d at 298.
Appellant next contends "that defense counsel was very negligence [sic] in notifying four (4) very important defense witnesses. A look at the records will show that not one (1) defense witness was presented during trial." This contention is puzzling in so far as it possibly asserts that appellant was denied the right to call witnesses in his behalf. The record reveals that in addition to the defendant himself, five character witnesses testified for the defense.[5] It is true that an additional character witness was unable to appear, but *122 defense counsel refrained from seeking a continuance and the Commonwealth stipulated that the absent witness would testify as to defendant's good character. Finally, the record suggests that the Commonwealth placed on the stand, and thus made available to the defense, all the persons having information relevant to the shooting and the circumstances surrounding it. We thus believe that appellant's allegation that he was denied the right to call witnesses in his behalf is refuted by the record and the court below was therefore correct in denying a hearing on the habeas corpus petition. Commonwealth ex rel. Ryan v. Rundle, supra.
Appellant finally asserts that he is constitutionally entitled to have his petition for a writ of habeas corpus considered by a judge other than the one who presided at his trial. Since appellant nowhere even alleges personal bias on the part of the court below,[6] it is difficult to imagine upon what legal grounds he premises this claim. Our research reveals no reported case in this Commonwealth where it has even been contended that a habeas petitioner is entitled, constitutionally or otherwise, to have his petition considered by a judge different from the one who presided at his trial. Although the Supreme Court of the United States has not directly ruled on this question, it has recently rejected the claim that a state judge may not constitutionally hear a nonsummary criminal contempt proceeding *123 against a witness in a prior trial who had failed to respond to that judge's instructions. Ungar v. Sarafite, 376 U.S. 575, 84 S. Ct. 841 (1964). Moreover, the post-conviction remedies provided in federal courts under 28 U.S.C. § 2255, 62 Stat. 967 ch.646 (1948), as amended, 63 Stat. 105 ch.139, § 114 (1949), are structured in such a way that defendants convicted in the districts where only one judge sits would normally be required to have their habeas petitions considered by the judge who presided at trial and defendants convicted in other districts would, in normal course, not infrequently have their habeas petitions heard by the judge who presided at trial. See United States v. Smith, 337 F. 2d 49, 51-54 (4th Cir. 1964), cert. denied, 381 U.S. 916, 85 S. Ct. 1542 (1965). The lower federal courts have consistently rejected contentions under section 2255 that habeas petitioners are entitled to have a different judge consider their petition. United States v. Smith, 337 F. 2d 49 (4th Cir. 1964), cert. denied, 381 U.S. 916, 85 S. Ct. 1542 (1965); Deitle v. United States, 302 F. 2d 116 (7th Cir. 1962); United States ex rel. Leguillou v. Davis, 212 F. 2d 681 (3d Cir. 1954); Carvell v. United States, 173 F. 2d 348 (4th Cir. 1949) (per curiam); cf. United States v. Lowrey, 77 F. Supp. 301 (W.D. Pa. 1948), aff'd per curiam, 172 F. 2d 226 (3d Cir. 1949), cert. denied, 339 U.S. 969, 70 S. Ct. 986 (1950). Indeed, as one federal court has said "it was to avoid the unseemly practice of having attacks upon the regularity of trials made before another judge through resort to habeas corpus that section 2255 of Title 28 was inserted in the Judicial Code." Carvell v. United States, supra at 348-49.
In Pennsylvania the new Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 5, 19 P.S. § 1180-5, as well as its predecessor the Act of May *124 25, 1951, P.L. 415, § 1, 12 P.S. § 1901,[7] provides that post-conviction remedies must normally be sought in the court where petitioner was sentenced. In the many judicial districts of this Commonwealth where only one judge sits,[8] habeas petitions will of necessity be heard by the judge who presided at the petitioner's trial. Thus not only is there no warrant for the contention that a judge may not constitutionally entertain a habeas corpus petition from a prisoner tried by him, it appears that the General Assembly of this Commonwealth, as well as the Congress of the United States, deems this an acceptable and desirable practice. Accordingly, we hold that the mere fact that an application for post-conviction relief is passed on by the judge who presided at the petitioner's trial does not afford petitioner any constitutional or other ground for complaint.
Order affirmed.
Mr. Justice COHEN took no part in the consideration or decision of this case.
NOTES
[1] It is undisputed that the notes were turned over to the county coroner (who was acting as a mortician) by appellant's estranged wife and her boy friend, John Thomas, who found them inadvertently while searching appellant's home for the clothes of appellant's daughter. Even assuming that the wife and Thomas' search constituted a trespass vis-a-vis appellant, there is nowhere the slightest suggestion that police instigated or participated in the search. Although the Supreme Court of the United States has not ruled on the question since Burdeau v. McDowell, 256 U.S. 465, 41 S. Ct. 574 (1921), the vast majority of state and lower federal courts have held, in accord with Burdeau, and despite Mapp, that evidence illegally seized and turned over to police by private persons may not be excluded from state or federal courts on Fourth Amendment grounds. E.g., United States v. Goldberg, 330 F. 2d 30 (3d Cir.), cert. denied, 377 U.S. 953, 84 S. Ct. 1630 (1964); State v. Robinson, 86 N.J. Super. 308, 206 A. 2d 779 (Super. Ct. 1965); People v. Torres, 49 Misc. 2d 39, 266 N.Y.S. 2d 695 (S. Ct. 1966); Commonwealth v. Tanchyn, 200 Pa. Superior Ct. 148, 152, 188 A. 2d 824, 826, cert. denied, 375 U.S. 866, 84 S. Ct. 138 (1963). Contra, Lowry v. State, 42 Okla. Crim. 326, 276 Pac. 513 (1929) (semble). This Court, however, has not passed on the issue of whether evidence illegally seized by private persons is excludable from criminal trials, and we express no opinion at this time.
[2] Petitioner's arrest and preliminary hearing took place long before the effective date of Pa. R. Crim. P. 116(a) which requires that an arrested defendant shall be taken "without unnecessary delay" before the proper issuing authority for a preliminary arraignment and Pa. R. Crim. P. 116(g)(1) entitling a defendant to a preliminary hearing, except for cause shown, in no less than three nor more than ten days, after the preliminary arraignment. See Commonwealth ex rel. Fox v. Maroney, 417 Pa. 308, 311 n.3, 207 A. 2d 810, 811 n.3 (1965).
[3] Compare, Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 3-4, 19 P.S. §§ 1180-3-4 which provides that post-conviction relief may not be granted where "the petitioner knowingly and understandingly failed to raise it and it could have been raised . . . at the trial [or] on appeal." The Post Conviction Hearing Act applies only to petitions filed after March 1, 1966 and hence does not control appellant's petition. Act of January 25, 1966, P.L. (1965) 1580, § 14, 19 P.S. § 1180-14.
[4] Compare, however, our modification of the Johnson holding in Commonwealth v. Jordan, 407 Pa. 575, 587-89, 181 A. 2d 310, 317 (1962).
[5] One of these five witnesses had initially been subpoenaed by the Commonwealth but was never called to testify for the prosecution.
[6] The opinion of the trial judge dismissing this petition for a writ of habeas corpus does contain the remark: "The events and circumstances which led to the tragic occurrence of October 23, 1961 [i.e., the killing for which petitioner was convicted of murder in the second degree] can be directly traced to the completely immoral and fantastic relationship existing between the members of the petitioner's family." Standing by itself, however, we believe that this remark fails to raise any question of prejudice on the trial judge's part either at trial or in consideration of this petition.
[7] Repealed by the Act of January 25, 1966, P.L. (1965) 1580, § 13, 19 P.S. § 1180-13. The Post Conviction Hearing Act came into effect on March 1, 1966. Act of January 25, 1966, P.L. (1965) 1580, § 14, 19 P.S. § 1180-14. Jurisdiction of appellant's petition was governed by the Act of May 25, 1951, P.L. 415, § 1, 12 P.S. § 1901.
[8] See 419 Pa. at v-xiv.