## Commonwealth v. Glaza

*Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth.

*Joseph Alessandroni, Jr.,* and *Paul J. Downey,* for defendant.

DIGGINS, J., January 13, 1970.—There is before the court a petition to suppress evidence under the following circumstances:

Defendant, while in Sears Roebuck store in this county, was observed by the store security force acting suspiciously with relation to shoplifting. After surveillance and sufficient provocation, defendant was apprehended and taken to the office of the security head and there asked to empty his pockets. He did so, disclosing several items which had been taken from the store counters and not paid for. There was also discovered during this search a bag later identified as containing marijuana. Defendent was prosecuted under the Act of Assembly which permits a magistrate, under limited circumstances, to treat the larceny as shoplifting, a summary offense. He was fined and no appeal therefrom was taken.

On the marijuana charge, the transcript was returned and he was indicted, which led to the suppres-

sion hearing. The issue is whether or not this evidence, having been obtained under the foregoing circumstances, is a violation of the constitutional rights afforded by the fourth amendment.

Admittedly, if this contraband had been discovered under precisely the same circumstances by a duly constituted police officer, there would be no challenge to its validity. The challenge is raised because the search was made by an individual alleged to be a private citizen in that, though he was a security officer employed by the store, he had no other police status.

Originally, Burdeau v. McDowell, 256 U. S. 465, back in 1920, held such search and seizure to be proper, not a violation. Justices Holmes and Brandeis dissented and, intermittently, attacks on the case have followed. It is urged upon us that since 1920, when Burdeau v. McDowell was decided, the very definite trend of the Federal court cases has been to further limit the procurement of evidence. There is a line of cases, however, pretty well down to date, relying on the doctrine in Burdeau v. McDowell, supra. The question has not been specifically decided in Pennsylvania. However, in Commonwealth ex rel. Wilkes v. Maroney, 423 Pa. 113, where defendant had been tried and convicted of murder in the second degree, and thereafter filed a writ of habeas corpus in which he attacked the conviction by what we now refer to in the post conviction petitions as the shotgun approach, among the challenges was the fact that certain "love notes" uncovered in the investigation were admitted in evidence and that they were obtained in violation of the fourth amendment. They had been found by a private citizen inadvertently while searching defendant's home seeking clothes belonging to defendant's daughter. While the court denied

the prayer of the petition, it said on this point in a footnote, "Even assuming that the wife and Thomas' search constituted a trespass vis-a-vis appellant, there is nowhere the slightest suggestion that police instigated or participated in the search. Although the Supreme Court of the United States has not ruled on the question since Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574 (1921), the vast majority of state and lower federal courts have held, in accord with *Burdeau,* and despite *Mapp,* that evidence illegally seized and turned over to police by private persons may not be excluded from state or federal courts on Fourth Amendment grounds," and cited cases. However, in the same footnote, Mr. Justice Roberts continues:

"This Court, however, has not passed on the issue of whether evidence illegally seized by private persons is excludable from criminal trials, and we express no opinion at this time."

We think this places the law in Pennsylvania in this posture. The rule in Bordeau v. McDowell, supra, has not been altered, and, further, a careful reading of the footnote of Mr. Justice Roberts convinces us that when he said that the court has not passed on the issue of whether evidence *illegally* seized by private persons is excludable from criminal tribunals, he was, at best, indicating not that the search could not be made by private persons but that private persons making the search would have to meet the same qualifications as imposed upon police officers. The thrust of the petition before us is that the search was made by a private individual and, therefore, illegal.

Some confusion arises over the use by courts and lawyers of the words "illegally seized evidence" which leads certain lawyers, including our assistant

district attorney in this case, to suggest that the law in Pennsylvania is that illegally seized evidence may be used in evidence. Such is not the case. The law in Pennsylvania, as we understand it, is that evidence seized under conditions that might be illegal under the foregoing decisions does not apply to the circumstances here, and the seizure under these circumstances is not illegal.

While the issue certainly is the legality of the search and seizure here, it is noteworthy to suggest that this challenge comes at a time when all retail industry in the country is being outrageously overburdened by shoplifting and seeks to protect itself by store security forces, and since, in the present case, the store security forces made the total search and seizure, it seems to us that were we to suppress the evidence here, we would be establishing as the law of this forum that search and seizure made by store security officers was a violation of the fourth amendment if the fourth amendment requires such to be done by regularly constituted police officers. We do not think it does. We think that the word "illegal" as used by Mr. Justice Roberts, is totally germane to the issue, and we find no illegality in the search and no infirmity regarding the fourth amendment because it was done by the store security officers and, therefore, we make the following

## ORDER

And now, to wit, January 13, 1970, it is ordered, adjudged and decreed that the evidence of possession of marijuana seized in this case will not be suppressed nor its use in the trial in any way limited.