## Commonwealth *v.* Powell, Appellant.

Argued April 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Mary Bell Hammerman,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James J. Wilson,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 4, 1972:

Appellant Gregory Powell was tried by a jury in the Common Pleas Court of Philadelphia and found guilty of first degree murder and aggravated robbery. After denial of post-trial motions a sentence of life imprison-

ment was imposed. Appellant on this direct appeal[1] contends that the evidence was insufficient to support his conviction, and the district attorney knowingly suppressed information favorable to the defense. Finding no merit in either contention, we affirm.

It is axiomatic that "[i]n reviewing the sufficiency of the evidence to support a conviction we must review the entire record, viewing the evidence in the light most favorable to the Commonwealth." *Commonwealth v. Young,* 446 Pa. 122, 123, 285 A. 2d 499, 500 (1971); *Johnson Appeal,* 445 Pa. 270, 273, 284 A. 2d 780, 781 (1971). So viewed, the record discloses that: A Mr. Holmes testified that on the afternoon of February 26, 1966, appellant approached him and declared his intention of "getting" the pocketbooks of two approaching ladies. Within five minutes of that announcement, Rose and Sarah Feldman were assaulted and robbed. Miss Rose Feldman testified that while she and her sister, Miss Sarah Feldman, were returning from shopping, a light-skinned Negro of medium build, a description matching that of appellant, attacked them with a "stick . . . like iron" and took their purses.

Mrs. Anita Lopez testified that on the afternoon of February 26, 1966, she heard screams from below her apartment and looked down from her window in time to see a single Negro male fleeing two ladies, Misses Sarah and Rose Feldman. As a result of injuries sustained during the assault, Miss Sarah Feldman died of hemorrhaging of the brain and Miss Rose Feldman was hospitalized.

As this Court noted in *Commonwealth v. Powell,* 428 Pa. 275, 277-78, 241 A. 2d 119, 120 (1968), proof

---

[1] In *Commonwealth v. Powell,* 428 Pa. 275, 241 A. 2d 119 (1968), this Court reversed the judgment of sentence of appellant's first trial and ordered a new trial because of the improper admission of inflammatory photographs.

beyond a reasonable doubt can be established by circumstantial evidence. Here the Commonwealth established that within minutes of the incident appellant indicated his intentions of committing the crime. One of the victims of the assault gave a description of her assailant corresponding with appellant's physical features. An eyewitness observed only one man fleeing the scene of the crime. We have no hesitancy in concluding, as did this Court in *Commonwealth v. Powell,* supra, when confronted with virtually the identical record, that the evidence was sufficient to support appellant's convictions.

Appellant's second contention is the grave one that the district attorney suppressed evidence favorable to appellant while allowing misleading testimony to form the basis for appellant's conviction, prosecution conduct violative of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963), and *Napue v. Illinois,* 360 U.S. 264, 79 S. Ct. 1173 (1959); ABA Project on Standards for Criminal Justice, Standards Relating to The Prosecution Function and The Defense Function, The Prosecution Function, §§3.11, 5.6(a) (Approved Draft 1971). Section 3.11(a) specifically notes: "It is *unprofessional conduct* for a prosecutor to fail to disclose to the defense at the earliest opportunity evidence which would tend to negate the guilt of the accused or mitigate the degree of the offense or reduce the punishment." (Emphasis added.)

The United States Supreme Court in *Moore v. Illinois,* 408 U.S. 786, 92 S. Ct. 2562 (1972), has recently reaffirmed as a constitutional matter the principle first enunciated in the seminal case of *Mooney v. Holohan,* 294 U.S. 103, 55 S. Ct. 340 (1935), and subsequently developed in *Napue* and *Brady.*[2] In *Mooney* the Court

---

[2] See also *Giglio v. United States,* 405 U.S. 150, 92 S. Ct. 763 (1972); *Giles v. Maryland,* 386 U.S. 66, 87 S. Ct. 793 (1967); *Miller*

held that due process is denied whenever "a state has contrived a conviction .... through a deliberate deception of court and jury by the presentation of testimony known to be perjured." 294 U.S. at 112, 55 S. Ct. at 342. Subsequently in *Napue* the Court held that "a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction." 360 U.S. at 269, 79 S. Ct. at 1177. See *Commonwealth v. Moehring*, 445 Pa. 400, 285 A. 2d 487 (1971); *Commonwealth v. Alston*, 430 Pa. 471, 243 A. 2d 404 (1968); *Commonwealth v. Snyder*, 427 Pa. 83, 233 A. 2d 530 (1967); *Commonwealth ex rel. Budd v. Maroney*, 418 Pa. 454, 211 A. 2d 479 (1965).

In *Brady v. Maryland*, supra, the United States Supreme Court applied the *Mooney* principle to a contention that the prosecution had suppressed evidence favorable to the accused. The Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S. Ct. at 1196-97.

In *Moore v. Illinois*, supra, the Court set the following guidelines for a meritorious *Brady* contention: "(a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence." Id. at 794-95, 92 S. Ct. at 2568.

During post-trial motions following the second trial appellant for the first time contended that the district attorney had suppressed information favorable to the defense. The trial court denied relief and subsequently

*v. Pate*, 386 U.S. 1, 87 S. Ct. 785 (1967); *Alcorta v. Texas*, 355 U.S. 28, 78 S. Ct. 103 (1957); *Pyle v. Kansas*, 317 U.S. 213, 63 S. Ct. 177 (1942); *United States v. Poole*, 379 F. 2d 645 (7th Cir. 1967); *Ashley v. Texas*, 319 F. 2d 80 (5th Cir. 1963).

defense counsel obtained an affidavit from one of the Commonwealth witnesses which underlies appellant's contention. At both trials Mrs. Lopez testified that she saw a man fleeing the scene of the crime. In her affidavit Mrs. Lopez stated that she told the district attorney during the second trial that appellant was definitely not the man fleeing the crime, and that the district attorney told her to "forget about it."

On June 27, 1972, this Court remanded the record to the Common Pleas Court of Philadelphia, with instructions to hold an evidentiary hearing on appellant's allegation. At the conclusion of that hearing held on July 28, 1972, the trial court found that no such conversation ever occurred between Mrs. Lopez and the district attorney. We accept that evidentiary finding and accordingly reject appellant's second contention.

The judgment of sentence is affirmed.