## Commonwealth v. Gibson

*David Heckler,* Assistant District Attorney, for Commonwealth.

*S. Curtis Seifert,* for defendant.

GARB, J., June 12, 1974.—Defendant was indicted in two separate bills of indictment charging in the first, in two counts, drawing a forged instrument and uttering a forged instrument in violation of the Act of June 24, 1939, P. L. 872, sec. 1014, 18 PS §5014, and in the other with cheating by false pretenses in violation of the Act of June 24, 1939, P. L. 872, sec. 836, May 21, 1943, P. L. 306, sec. 1, 18 PS §4836. After trial without a jury, defendant was found not guilty on the latter bill of indictment and guilty on the former. Post trial motions as in the nature of motions for a new trial and in arrest of judgment were filed and argued before the court en banc and are disposed of herein.

Defendant's motions essentially assert that the evidence was insufficient to support the verdict of the court. The test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, or both, is whether accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, a jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crime or crimes of which he has been convicted: Commonwealth v. Eiland, 450 Pa. 566 (1973); Commonwealth v. Burton, 450 Pa. 532 (1973); Commonwealth v. Pitts, 450 Pa. 359 (1973). The same standard is applicable where the trial is before the court and without a jury: Commonwealth v. Williams, 450 Pa. 158 (1973); Commonwealth v. Lee, 450 Pa. 152 (1973); Commonwealth v. Paquette, 451 Pa. 250 (1973). Accepting as true, as we

must, all of the credible and competent evidence, together with all reasonable inferences therefrom, and construing same favorable to the Commonwealth (Commonwealth v. Frye, 433 Pa. 473 (1969)), we are satisfied that the evidence is insufficient to support the finding of guilt, that, therefore, the court erred in entering a verdict of guilty and that, therefore, the motion in arrest of judgment must be granted.

The Commonwealth's case is based upon a certain check dated June 1, 1971, drawn on the account of the Roosevelt Drive-In Theatre, Inc., and signed by Remy Fox as vice president of that company. The check was drawn to the order of Gibson Electric Service and was admittedly delivered to defendant as the payee's agent and endorsed and deposited by him. In the space on the check where the drawer is required to write in the amount of the check numerically, the figures 500 or 5,000 appear, and, which it is, is unclear on the face of the check. The check was made on a check-writing machine and the following appears on that portion of the check where the amount of the check is to be written out in letters: "The sum 5000 dols 00 cts." It is the contention of the Commonwealth that, as originally made, the numerical sum was written to be $500, and, admittedly, the written sum as imprinted by the check-writing machine, was $5,000 in error. It is the contention of the Commonwealth that upon receiving the check, defendant inserted one further zero in that portion of the check where the numbers are written and that he then deposited the check and received $5,000 therefor.

The Commonwealth's case consisted of the testimony of Remy Fox and one Gloria Flanagan, a secretary to Roosevelt Drive-In Theatre, Inc. Fox testified that he had entered into a contract with Gibson Electric Service for the installation of in-car heaters

at the drive-in theatre of the Roosevelt Drive-In Theatre, Inc. It was his testimony that the Gibson Electric Service set upon performing this contract by the installation of such heaters and certain other work. He testified that on June 1, 1971, there was a balance due and owing to Gibson Electric Service of $1,300 but that the work had not yet been completed. On that date, Fox testified that defendant called him on the telephone at Fox's office in Philadelphia and requested payment of the balance of $1,300. Fox directed defendant to come to his office to receive a check. When defendant arrived Fox was in a conference and was extremely busy. He testified that he directed his secretary, Gloria Flanagan, to prepare a check for $500 to the order of Gibson Electric Service. She thereupon presented him with the check in question, having mistakenly, by Fox's testimony, caused the checkwriting machine to imprint the sum of $5,000 upon it. Fox signed the check and handed it to defendant. Approximately seven weeks later, Fox learned of the mistake when he received his bank statement and cancelled checks, including this check, which had been debited to his account in the sum of $5,000.

Gloria Flanagan testified essentially as had Fox. She testified that Fox directed her to draw a check in the sum of $500 but that she mistakenly set the check writing machine at $5,000, thereby imprinting this sum upon the check. That error was not discovered when she presented the check to Fox for signature and that was the way in which it was presented to Gibson. In support of her intention, she offered into evidence, and it was received, a copy of the checkbook's stub showing a check for $500 on June 1, 1971, to the order of Gibson Electric Service.

Defendant testified that he did, in fact, receive the check in exactly the form which it was offered into evi-

dence. He testified that the sum of approximately $8,000 was owing him rather than $1,300 because of some extras he had done in addition to the original contract. He testified that he had expected to receive the entire balance and that, therefore, when he received a check which he considered to be one for $5,000 he did not consider that an error had been made.

The essential elements of the crime for which defendant was convicted are the following: (1) the false making of some instrument in writing; (2) the instrument must be apparently capable of effecting a fraud and working an injury to another, and (3) there must be a fraudulent intent: Commonwealth v. DiPiero, 205 Pa. Superior Ct. 312 (1965). The alteration of a numeral on an instrument such as a check can constitute a forgery under this Act of Assembly: Commonwealth v. Pioso, 17 Pa. Superior Ct. 45 (1901). Therefore, if it were established beyond a reasonable doubt that defendant inserted an additional zero in the numerical portion of the check, thus changing the sum from $500 to $5,000, that would be sufficient evidence upon which to support this conviction. The difficulty we find in this case is twofold. First of all, it is far from clear that any additional zero was, in fact, inserted on the check. There are some markings at the end of the second zero after the five which might be construed to be an additional zero but which might also be construed as being a mark made merely by the sweep of the pen in making the original $500 entry.

Of greater significance is the fact that the Commonwealth's evidence shows only that the check was presented to defendant and by him deposited. There is no direct evidence to show that he inserted that extra zero and, therefore, the Commonwealth's evidence is entirely circumstantial on this vital question.

Of course, a conviction can be sustained on circumstantial evidence alone (Commonwealth v. Culbreath, 439 Pa. 21 (1970), and Commonwealth v. Sullivan, 446 Pa. 419 (1971)), and proof beyond a reasonable doubt can be established by circumstantial evidence: Commonwealth v. Powell, 449 Pa. 126 (1972), and Commonwealth v. Amato, 449 Pa. 592 (1972). However, in order to warrant a conviction on circumstantial evidence, the facts and circumstances established by such evidence must be of such a character as to produce a moral certainty beyond a reasonable doubt, but need not be absolutely incompatible with innocence. However, guilt must be proved and not be conjectural, and cannot rest solely on suspicion or surmise: Commonwealth v. Bailey, 448 Pa. 224 (1972); Commonwealth v. Cimaszewski, 447 Pa. 141 (1972); Commonwealth v. Lyons, 219 Pa. Superior Ct. 18 (1971); Commonwealth v. Feinberg, 211 Pa. Superior Ct. 100 (1967); Commonwealth v. LaRue, 381 Pa. 113 (1955). In order to convict on circumstantial evidence alone, it must be of such volume and quality as to overcome the presumption of innocence and to satisfy a jury of defendant's guilt beyond a reasonable doubt. The theme of guilt must flow from the facts and circumstances proved, and be consistent with them all: Commonwealth v. Bartlett, 446 Pa. 392 (1972); Commonwealth v. Bondi, 217 Pa. Superior Ct. 133 (1970), and Commonwealth v. Shapiro, 223 Pa. Superior Ct. 15 (1972).

On the face of the check we are not satisfied beyond a reasonable doubt that an additional zero was, in fact, inserted. Additionally, the evidence cannot support a finding beyond a reasonable doubt that defendant inserted that extra zero, if there was one, on the evidence in this case. The Commonwealth proved only that defendant received the check. There was no evi-

dence to show what figure appeared on the check when it was offered for deposit at the bank, although we would assume that the bank retains copies of all checks presented for encashment or deposit. On this evidence, we are not satisfied that the evidence is of such volume and quality as to overcome the presumption of innocence nor that the theme of guilt flows from the facts and circumstances proved and is consistent with them all.

For the foregoing reasons, we determine that the evidence is insufficient to support the verdict and that judgment must be arrested. Accordingly, we enter the following

## ORDER

And now, to wit, June 12, 1974, it is hereby ordered, directed and decreed that the motion in arrest of judgment shall be granted and defendant is hereby dismissed.