## Commonwealth v. Shellenberger

*Morrison B. Williams,* Deputy District Attorney, for Commonwealth.

*Peter Kemeny,* for defendant.

SHADLE, P.J., June 30, 1975.—On May 12, 1972, in a jury trial at which defendant was represented by his self-retained attorney, he was convicted of receiving stolen goods. He thereafter filed motions for a new trial and in arrest of judgment which were argued and re-fused. The grounds alleged were that the verdict was against the evidence, the weight of the evidence, and the law, and that the court erred in refusing defendant's demurrer. On January 15, 1973, defendant was sen-tenced to imprisonment for from 1 to 5 years. On January 18, 1973, he filed an appeal from the judgment of sentence in the Superior Court of Pennsylvania. On November 8, 1973, the court affirmed the judgment. The sentence has not yet been executed and defendant remains at liberty.

Following affirmance on appeal, defendant retained new counsel. On January 6, 1975, he filed herein a petition for leave to file nunc pro tunc new motions for a new trial and in arrest of judgment. As grounds for such motions, he alleged certain omissions in the trial transcript, 13 errors in the charge of the court, and error in not declaring a mistrial upon admission of certain testimony. He also asserted "At the time of trial and prior motions, Defendant was not represented by effective counsel and, therefore, denied his constitu-tional rights."

Upon the filing of defendant's petition, a rule was granted upon the Commonwealth to show cause why he should not be granted leave to file such new mo-tions nunc pro tunc. The rule was made returnable on January 27, 1975. No answer thereto has ever been filed by the Commonwealth. Consequently, on March 25, 1975, on defendant's motion, an order was entered permitting defendant to file such additional post-

verdict motions nunc pro tunc. Nevertheless, because of the unusual posture of the case, we directed argument of the issue of the right of defendant to file such additional motions at this juncture.

Where a defendant, through self-retained counsel, after his conviction, files and argues post-verdict motions which are considered and refused, he is thereafter sentenced, and takes an appeal in which the judgment of sentence is affirmed, may such defendant thereafter file nunc pro tunc in the court below additional post-verdict motions alleging new and additional reasons therefor?

It is at once obvious that to grant defendant a remedy in the form he now seeks could lead to endless litigation and monstrous abuse. A convicted defendant could, without limitation, file additional post-verdict motions and appeals on countless grounds, with or without changing counsel each time, thereby indefinitely postponing final disposition.

It was undoubtedly for this reason that the Post Conviction Hearing Act of January 25, 1966, P.L. 1580, 19 PS §1180-1, et seq., was passed, to provide for one comprehensive method of review of alleged constitutional errors after exhaustion of the appellate process. This defendant would not, at this juncture, be entitled to relief under that Act, since section 3(b) thereof, 19 PS §1180-3(b), requires that a petitioner thereunder be incarcerated or on parole or probation.

Section 3(d) of that Act, 19 PS §1180-3(d), precludes relief thereunder where the "error resulting in his conviction and sentence has . . . been finally litigated or waived." Section 4, 19 PS §1180-4, provides that an issue is waived if the petitioner "knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . ." Where a defendant fails to raise an issue in a direct appeal, as this defendant did in the issue now asserted, he is considered to

have waived such issue under section 4 of the PCHA: Commonwealth v. Schmidt, 452 Pa. 185 (1973). Furthermore, errors in the charge to the jury may not be the basis for relief in a post-conviction proceeding: Commonwealth ex rel. Wilkes v. Maroney, 423 Pa. 113 (1966).

Section 4(c) of the act, supra, provides that there is a rebuttable presumption that a failure to raise an issue on appeal is a knowing and understanding failure which thereby constitutes a waiver. Defendant here attempts to rebut such presumption by his assertion in his petition, quoted above, that he was not represented by effective counsel at trial and at argument of his prior motions. He further alleges that "A review of the notes of testimony, together with investigation of facts extrinsic to said notes of testimony reveal that serious injustice would be done Petitioner if he not be allowed to file said motions nunc pro-tunc."

While these allegations are annoyingly vague, we are aware of the increasing practice of appellate courts to remand both direct and PCHA appeals for hearings below on the issue of competency of counsel in prior proceedings. In fact, the Superior Court has done precisely that as to this same defendant in direct appeals in other cases in which he likewise was convicted in this court. Consequently, were we to deny him relief on his instant petition and on any subsequent PCHA petition, and were he to appeal from our order, we confidently could expect a remand to explore the competency of counsel issue.

Under all these circumstances, in the interest of judicial economy and an attempt to expedite final disposition of this case, we shall direct an evidentiary hearing and argument on the sole issues of whether at trial and in the post-verdict proceedings (1) defendant was denied representation by competent counsel, and (2) he knowingly and understandingly waived the

errors of which he now complains by failing to raise them at trial or on appeal. For this purpose, the hearing and argument thereon shall be consolidated with the hearings directed by the Superior Court in other cases in which this defendant was convicted.

Should it be found that defendant was denied competent counsel, or that he did not effectively waive the errors now assigned, he will be permitted to file and argue his instant motions nunc pro tunc. Should it be found to the contrary, leave to file such motions will be refused. In either event, on any subsequent proceedings the issues of competency of counsel and of waiver will have been explored and decided.

## ORDER

And now, June 30, 1975, it is ordered that an evidentiary hearing and argument on the issues herein referred to be consolidated with the hearings thereon in other cases involving defendant, the same to be held on a date to be fixed before the Hon. Joseph E. Erb. Upon completion thereof an order shall be entered herein disposing of defendant's instant petition to file additional post-verdict motions nunc pro tunc in a manner consistent with this opinion.