369 A.2d 726
**COMMONWEALTH of Pennsylvania**
v.
**Gregory POWELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 29, 1976.

Decided Feb. 28, 1977.

Michael H. Cox, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

Order affirmed.

MANDERINO, J., filed a concurring and dissenting opinion.

MANDERINO, Justice, concurring and dissenting.

Appellant Gregory Powell, was convicted of aggravated robbery and murder in the first degree, and sentenced to life imprisonment. The judgment of sentence following that conviction was affirmed on direct appeal. *Commonwealth v. Powell*, 449 Pa. 126, 295 A.2d 295 (1972). The factual history surrounding these charges is summarized in that opinion.

This appeal is from the denial of appellant's petition filed pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., (19 P.S. § 1180–1 et seq.). The procedural history leading to this appeal is as follows. Following the trial, trial counsel withdrew from the case and new counsel argued post-verdict motions. They were denied by the court *en banc*. Ineffectiveness of trial counsel was not alleged in the post-verdict motions. Appeal was then taken, with the assistance of appellant's new counsel, to this Court. On appeal, appellant challenged the sufficiency of the evidence, and alleged the improper suppression of evidence by the prosecution. Ineffectiveness of trial counsel was alleged. The claim of prosecutorial misconduct did not appear in the trial record, and to properly dispose of the issue, we remanded the record to the court below for an evidentiary hearing. *Commonwealth v. Powell*, 449 Pa. 126, 131, 295 A.2d 295, 297–98 (1972). At the conclusion of the hearing, the trial court found no evidence of the alleged impropriety, and we affirmed appellant's judgment of sentence.

On March 25, 1974, appellant filed his petition for relief under the Post Conviction Hearing Act. He claimed that he had been ineffectively represented by trial counsel and that his conviction was based on perjured testimony. This claim has subsequently been abandoned. In his petition, appellant alleged that he was indigent and requested that counsel be appointed. An amended petition was filed by appellant on May 22, 1974, in which he complained that trial counsel had not established the bias of the prosecution's primary witness, had not presented alibi evidence or evidence that another person had been identified as the culprit by one of the robbery witnesses, and had not allowed Powell to testify in his own behalf at trial. Concluding that these allegations had been waived, the lower court denied appellant's petition on June 6, 1974, without having appointed counsel.

An appeal was taken to this Court with court-appointed appellate counsel to assist appellant. Appellate counsel argued that the court below had erred in failing to grant appellant's request for appointed counsel before acting on the post-conviction petition. The Commonwealth agreed and joined in a Joint Petition for Remand which we granted, per curiam. Following remand, present counsel was appointed and a hearing on the petition was held. Appellant testified and also presented testimony from his brother, James Powell, his mother, Corrine Powell, and his friend, Patricia Graves. In summary, relevant to the issues raised on the present appeal, appellant testified that his trial counsel was ineffective for not cross-examining the primary witness against appellant as to his possible bias, for not pursuing the alleged identification of another perpetrator, and for not calling available alibi and character witnesses. Corrine Powell also testified concerning character witnesses and claimed that a disturbance, prejudicial to her son's case, broke out in the courtroom just prior to the retiring of the jury for deliberations. James Powell and Patricia

Graves testified in support of the alibi. The prosecution introduced trial counsel who testified concerning his representation of appellant and the trial strategy he adopted. The petition for post-conviction relief was denied on October 6, 1975.

I concur in the majority's affirmance of the denial, without a hearing, of post-conviction relief as to three of the grounds upon which appellant premises his argument that trial counsel was ineffective. These grounds are: (1) failure to object to the trial court's jury charge which allegedly included prejudicial misstatements of facts (2) failure to object to allegedly prejudicial statements made by the prosecutor in his summation to the jury; and (3) failure to cross-examine the main prosecution witness with respect to supposed inconsistencies between his testimony at the first trial and his testimony at the second. These grounds appeared in the trial record, and could have been raised previously by appellant's newly appointed appellate counsel. Since no extraordinary circumstances are averred, they are waived. Act of January 25, 1966, P.L. (1965) 1580, §§ 3(c), 4(b), 19 P.S. §§ 1180-3(d), 4(b); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

As to the other grounds alleged to establish ineffective assistance of trial counsel, I dissent from the majority's decision. These grounds did not appear in the trial record and the failure of appellant's newly appointed counsel to raise them in post-verdict motions is therefore not a waiver of these claims. These grounds are (1) failure to call alibi and character witnesses; (2) failure to move for a mistrial when the alleged disturbance occurred in the courtroom; (3) failure to ascertain whether or not the primary Commonwealth witness had a criminal record; and (4) failure to elicit, from this witness, evidence of his personal dislike and bias against appellant.

Because these issues were not waived, and were not patently frivolous, appellant should have been afforded a hearing as to them.