Commonwealth ex rel. Ryan, Appellant, *v.* Rundle.

614

Submitted May 27, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Joseph Ryan,* appellant, in propria persona.

*John A. F. Hall,* Assistant District Attorney, and
*Martin H. Lock,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1963:

The appellant, Joseph Ryan, on March 26, 1954,
was convicted by a jury of murder in the first degree
and punishment was fixed at life imprisonment. No
request for a new trial was made, nor was an appeal
filed from the judgment of sentence.*

---

* Defendant was represented by counsel.

In February 1963, an action for habeas corpus was instituted, which the lower court dismissed without hearing. This appeal followed. This is the second such action instituted by the appellant. His previous request for a writ of habeas corpus, filed on April 6, 1959, was also denied by the lower court and its action affirmed by this Court on appeal: *Commonwealth ex rel. Ryan v. Banmiller,* 400 Pa. 326, 162 A. 2d 354 (1960).

In his previous petition, it was urged that two members of the jury when polled did not assent to or agree with the verdict as announced and recorded in court. This is reasserted in the present action. The record of the proceedings belie appellant's factual allegations in this regard. The correct facts are recited and were carefully considered in *Commonwealth ex rel. Ryan v. Banmiller,* supra, and no further discussion of this issue is required here. It is devoid of merit.

In the instant action, seven additional reasons are cited in support of appellant's demand for release from confinement. In each instance, they allege error in the conduct of the trial. This Court has reiterated over and over again that habeas corpus is not a substitute for an appeal, or a writ of error, or for a motion for a new trial for the correction of trial errors: *Commonwealth ex rel. Wilson v. Banmiller,* 393 Pa. 530, 143 A. 2d 657 (1958); *Commonwealth ex rel. Watters v. Myers,* 406 Pa. 117, 176 A. 2d 448 (1962), and cases cited therein. However, habeas corpus is proper and such relief should be granted if the conviction or sentence of the defendant were secured in a proceeding lacking due process of law, or one wherein fundamental rights were denied, or constitutional guarantees impinged upon. See *Commonwealth ex rel. Sleighter v. Banmiller,* 392 Pa. 133, 139 A. 2d 918 (1958); *Commonwealth ex rel. Butler v. Rundle,* 407 Pa. 535, 180 A. 2d 923 (1962); *Fay v. Noia,* 372 U. S. 391 (1963); and,

*Townsend v. Sain,* 372 U. S. 293 (1963). Our review of the record is made with these legal principles in mind and with particular consideration for the reasons asserted in the petition.

As stated by Mr. Justice JONES, speaking for this Court, in *Wiley v. Woods,* 393 Pa. 341, 141 A. 2d 844 (1958), at 350, 351: " 'Due process of law', while incapable of exact definition, generally means 'law in the regular course of administration through courts of justice, according to those rules and forms which have been established for the protection of human rights': 12 Am. Jur. §571, p. 264, and cases therein cited. Its essential elements are 'notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause': 12 Am. Jur. §573, pp. 267, 268." Assessment of the presence of due process is to be tested by an appraisal of the totality of the facts in a given case. See, *Gideon v. Wainwright,* 372 U. S. 335 (1963). Stated another way, the test is whether or not the thing complained of is so flagrantly unjust that the Constitution of the United States steps in to forbid it. See, *Snyder v. Mass.,* 291 U. S. 97 (1924). See also *Townsend v. Burke,* 334 U. S. 736 (1947), and *United States ex rel. Smith v. Baldi,* 344 U. S. 561 (1953).

The appellant alleges that he was denied at trial the right to a fair and impartial jury. If this were so, of course, relief should be granted in this action. However, an examination of the record manifests the emptiness of this complaint.

He asserts in this connection that one juror, accepted at trial, when questioned on her voir dire manifested a prior fixed opinion of the defendant's guilt or innocence and, therefore, a fair trial and verdict were precluded. The juror in question at first indicated that she had a "definite opinion" in the case. How-

ever, subsequent questions and answers clearly indicated that she did not know anything about the occurrence involved. She stated unequivocally that she could and would render a verdict based solely upon the evidence presented at trial. Defendant's own counsel was so satisfied with her answers that he accepted her without objection and stated, "The defense has no challenge." Hence, the court was not asked to rule upon a challenge for cause since none was entered and the juror was accepted without objection by both sides. Further, at the time of this juror's acceptance for service, the defense had only exercised two of the twenty peremptory challenges allowed by legislative enactment in a case of this nature. In fact, the defendant exercised only a total of fifteen peremptory challenges before twelve members of the panel and two alternate jurors were accepted. There is not a semblance of merit to appellant's present contention. See, *Commonwealth v. Pasco*, 332 Pa. 439, 2 A. 2d 736 (1938); *Commonwealth v. Peronace*, 328 Pa. 86, 195 A. 57 (1937); *Commonwealth v. McGrew*, 375 Pa. 518, 100 A. 2d 467 (1953); *Commonwealth v. Richardson*, 392 Pa. 528, 140 A. 2d 828 (1958); and, *Linsenmeyer v. Straits*, 402 Pa. 7, 166 A. 2d 18 (1960).

Appellant also accuses the trial judge of bias and undue zeal on behalf of the Commonwealth's case. A study of the record clearly demonstrates that the cause was tried in able and fair fashion, presided over by a judge recognized in this Commonwealth for his ability and impartiality. The defendant's rights were carefully and fully protected. The evidence amply supports the verdict. Beyond doubt, the defendant received a fair trial. Hence, there was no denial of due process or deprivation of fundamental rights or constitutional guarantees.

The other reasons assigned to sustain this action need not be discussed.

Since the petition itself was insufficient to grant the relief prayed for, and the allegations therein are clearly refuted by the trial record, the action was properly dismissed without hearing: *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122 (1953); *Commonwealth ex rel. Butler v. Rundle,* supra.

Order affirmed.