## Commonwealth Dept. of Trans. v. Curzi

*Richelle D. Sanders,* assistant counsel for Department of Transportation.

*Thomas D. Aristide,* for appellant.

BACKENSTOE, *J.,* April 18, 1984—The issue before this court is whether a delay of four years between the date of a conviction for a traffic offense and the service of a notice of suspension of driver's license should prohibit the suspension for the reason that such an inordinate length of delay in the procedure violated appellant's due process rights.

On October 23, 1979, appellant pled guilty before a district magistrate to the charge of driving under the influence. Though section 6323 of the Vehicle Code (75 Pa. C.S.A. §101 *et seq.*) provides that the magistrate is to send a report of the conviction to the Department of Transportation (DOT) within ten days of the disposition, the report was not actually mailed until September, 1983 and not received by DOT until the 14th of that month. The delay in sending out the report was apparently because of an oversight. Acting upon the certified report, DOT mailed the notice of suspension to the appellant on October 7, 1983.

The Commonwealth Court has held that while a delay between conviction and suspension caused by DOT may require that the order of suspension be

vacated if the operator can show that he was prejudiced by the delay, a delay attributable only to the judiciary will have no effect on DOT's power to suspend a license under the Vehicle Code regardless of any prejudice caused by the delay. Chappell v. Commonwealth, 59 Pa. Commw. 504, 430 A.2d 377 (1981); Department of Transportation, Bureau of Traffic Safety v. Parr, 56 Pa. Commw. 203, 424 A.2d 604 (1981); Department of Transportation, Bureau of Traffic Safety v. Lyons, 70 Pa. Commw. 604, 453 A.2d 730 (1982). The Commonwealth Court has not, however, had occasion to apply this rule when the delay between conviction and suspension exceeded two years. Nor has the court concretely explained the distinction it had drawn between administrative delay and judicial delay.[1] In general, the court has simply held, without further explanation, that DOT cannot be held accountable for the court's delay. Lyons, supra; Chappell, supra.

While it may be a perfectly reasonable proposition that DOT should not be held accountable for delays caused in the judiciary, we must also be mindful that there are also limitations on how the state may proceed against the interests of an individual. Such limitations may stem from the power of the due process clause of the Fourteenth Amendment of the United States Constitution.

Due process of law, the principle by which the application of the power of the state against the rights of an individual is held in some check, is a concept escaping an exact definition or definitions. Com-

---

1. In Chappell, however, the court did note that section 6324 of the Vehicle Code provides for sanctions for officials who fail to meet the provisions of section 6323, which the court observed to be a suitable enforcement mechanism for that section.

monwealth ex rel. Ryan v. Rundle, 411 Pa. 613, 192 A.2d 362 (1963), cert. denied, 375 U.S. 948. The concept is rooted in notions of decency and fairness (see, Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed. 2d 448 (1957), and, in general, 16A C.J.S. Constitutional Law §567), and its measure is often determined by the facts and circumstances of each particular case. Commonwealth v. Rundle, supra; Douglas v. City of Jeannette, 130 F.2d 652 (3d Cir. 1942). In Douglas, the court expressed after an extensive analysis, a definition of due process for issues not purely procedural which we find to be both persuasive and relevant:

[Due process is] a legal or more accurately, a philosophical concept as to the extent to which the state, in the exercise of its sovereign power, should be permitted to deprive individuals within its jurisdiction of their lives, liberty or property. Its application to the facts of a particular case is purely a matter of judgment and therefore solely a question of law. The most, therefore that the pleader is required to do . . . is to set out those facts upon which he relies to prove a deprivation of life, liberty or property by the state and to aver that the deprivation was beyond that which, under our Constitution, is allowable to the state in the exercise of its sovereign power, or in the language of the Fifth and Fourteenth Amendments, that it was without due process of law (Footnotes omitted).

130 F.2d at 658-659.[2] Under the Constitution, a

2. While a driver's license has not been held to be a property right, it is an entitlement and one of such importance that due process provides that proper notice and a hearing are required before the state may take away the entitlement. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 2d 90 (1971); Reese v. Kassab, 334 F. Supp. 744 (W.D. Pa. 1971). We therefore feel that the protections afforded by due process should necessarily extend to the situation before us.

state is forbidden to act against an individual in a manner that is "flagrantly unjust" (Commonwealth v. Rundle, 411 Pa. Commw. 616, 192 A.2d 363 (1963)) or in a manner that does not comport with "traditional ideas of fair play and decency" (Breithaupt v. Abram, 352 U.S. at 435, 1 L.Ed. 2d at 451).

We find that the appellant herein has set out such facts as to demonstrate that the Commonwealth, in imposing the suspension of his license four years after his conviction, has acted in a manner beyond that allowable by the due process clause of the Fourteenth Amendment. Notwithstanding the rule of the Commonwealth Court that delays caused by the judiciary are not to be chargeable to DOT, we believe that the period of delay between conviction and suspension may become so great that due process requires that the state be prohibited from securing the suspension regardless of the source of delay. To permit the state to proceed in the suspension of an operator's license many years beyond the time when it may legally act by virtue of a conviction offends traditional notions of fair play and justice, particularly when the operator has been prejudiced by the delay. There must necessarily come a time when the interests of the individual to a proper resolution of his operator's status overrides that of the state's in enforcing the Vehicle Code if due process is to be served. It would certainly offend anyone's sense of fairness if an operator's license is suspended ten or twenty or more years after a conviction; and while we do not set a particular point where we feel that due process would prohibit the state from acting further upon a conviction, we find that notions of fairness and decency, as embodied in the concept of due process, mandate that the state cannot suspend the appellant's license after a four year period of inaction on its part.

In so holding, we take note that the four year period of delay by the Commonwealth contributed to the appellant's prejudice. Expecting the suspension of his license, the appellant, an unemployed individual in his late forties or early fifties, restricted his search for new employment to areas that did not require the operation of his vehicle. After a period of close to three years after his conviction, the appellant, still unemployed but now under the impression that his license would not be suspended as the Commonwealth had thus far not taken any action against him, began to seek employment outside of his immediate vicinage and ultimately obtained a position some miles away requiring that he drive to and from work. His economic position is such that it would be unlikely for him to be able to afford to live near his place of employment as he is surviving by residing in the house of his mother. We find that the appellant would not have secured employment beyond an area where he would have had access without a car if he had not been lulled by the inaction of the Commonwealth into believing that his license would not be suspended. To suspend the appellant's license at this point, four years after the conviction, we feel would be unfair and unjust and a violation of his rights to due process.

Accordingly, the appeal is sustained.

## ORDER

Now, this April 18, 1984, for the reasons expressed in the accompanying opinion,

It is ordered that appellant's appeal of his driver's license suspension is hereby sustained.

It is further ordered that defendant's operating privileges be restored by the Department of Transportation.