# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth Ex Rel.      :
Troy Connelly,      :
         Appellant      :
     :   No. 1919 C.D. 2016
     v.      :
     :   Submitted: May 12, 2017
Robert Gilmore, et al.      :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: August 25, 2017

Troy Connelly (Connelly) appeals, *pro se*, from the October 25, 2016 order of the Court of Common Pleas of Greene County (trial court) granting the motion of Robert Gilmore and associated defendants (Gilmore) to dismiss Connelly's Petition for Writ of Habeas Corpus (Petition). We affirm.

## Background

On December 17, 2003, the Philadelphia County Court of Common Pleas sentenced Connelly to an aggregate term of 85 to 170 years' imprisonment for convictions stemming from a series of criminal episodes that included kidnappings, rapes, and a robbery. He is presently incarcerated at the State Correctional Institution at Greene (SCI-Greene).

In 2013, Connelly submitted a request to the Department of Corrections (DOC) for his sentencing order pursuant to the Right-to-Know Law,[1] and the DOC denied the request on the ground that the sentencing order did not exist within its possession, custody, or control. By adjudication dated October 16, 2013, the Office of Open Records affirmed the denial, relying on the attestation of the Records Supervisor at SCI-Greene who stated that, after conducting a search, she could not locate Connelly's sentencing order.

On March 12, 2015, Connelly filed the Petition with the trial court, alleging that he is being confined without lawful justification because the DOC is not in possession of his sentencing order. On this theory, Connelly asserts that his continued confinement constitutes involuntary servitude in violation of Section 1 of the Thirteenth Amendment to the United States Constitution, U.S. CONST. amend. XIII, §1, and an unlawful restraint in violation of section 2902 of the Pennsylvania Crimes Code, 18 Pa.C.S. §2902.

On April 27, 2015, after his Petition went unanswered by Gilmore, the Superintendent of SCI-Green, Connelly forwarded the Petition to the sheriff to effectuate service on Gilmore and the associated defendants.

On July 31, 2015, Connelly filed a motion requesting that the trial court grant the Petition because Gilmore did not file an answer to the Petition. The trial court held an informal conference on February 4, 2016, with Connelly and the attorney for Gilmore. The trial court thereafter ordered a stay in the proceeding on February 8, 2016, pending the outcome of Connelly's class-action lawsuit against the DOC, which asserted legal issues that were substantially similar to those raised in the Petition.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

On February 12, 2016, Gilmore filed a motion to dismiss Connelly's Petition, contending that the averred facts were insufficient to warrant relief. On October 25, 2016, the trial court entered an order granting Gilmore's motion from which Connelly now appeals.[2]

**Discussion**

Connelly argues that the trial court abused its discretion in refusing to grant his Petition on the following grounds: (1) the trial court dismissed his Petition without a hearing; (2) Gilmore failed to timely respond to the Petition in violation of section 6504 of the Judicial Code, 42 Pa.C.S. §6504, and thereby agreed by silence that Connelly is unlawfully detained; and (3) the trial court's dismissal of the Petition constituted interference with a writ of habeas corpus in violation of section 6505 of the Judicial Code, 42 Pa.C.S. §6505.

Initially, we note that "a claim that a defendant's sentence is illegal due to the inability of the DOC to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in habeas corpus." *Joseph v. Glunt*, 96 A.3d 365, 368 (Pa. Super. 2014) (citation and internal quotation marks omitted). A writ of habeas corpus "is an extraordinary remedy that is available after other remedies have been exhausted or are ineffectual or nonexistent . . . [and] is not a substitute for appellate review." *Department of Corrections v. Reese*, 774 A.2d 1255, 1260 (Pa. Super. 2001). Primarily, "the writ of habeas corpus has functioned . . . to test the legality of the petitioner's commitment and detention," *Commonwealth*

---

[2] "Our standard of review of a trial court's order denying a petition for [a] writ of habeas corpus is limited to [an] abuse of discretion." *Rivera v. Department of Corrections*, 837 A.2d 525, 528 (Pa. Super. 2003).

3

*ex rel. Bryant v. Hendrick*, 280 A.2d 110 (Pa. 1971), and "lies to correct void or illegal sentences or an illegal detention." *Commonwealth ex rel. Butler v. Rundle*, 180 A.2d 923, 924 (Pa. 1962).

Connelly first asserts that his confinement is illegal because the DOC is not in possession of his sentencing order and the trial court therefore erred in dismissing the Petition without convening a hearing. This argument, however, has been considered and rejected by both this Court and the Superior Court.

In *Travis v. Giroux*, (Pa. Cmwlth., No. 489 C.D. 2013, filed December 18, 2013) (unreported), a prisoner argued in his petition for a writ of habeas corpus that "the DOC's regulations and the Judicial Code require a sentencing order and other documentation before the DOC may confine an individual" and "because no sentencing order exists for his conviction, the DOC was without authority to confine him." Slip op. at 7. On appeal, this Court affirmed the dismissal of the prisoner's petition, concluding that "the absence of a sentencing order does not make his confinement illegal." *Id.* Likewise, where a prisoner was unable to secure a copy of his sentencing order through the RTKL and thereafter filed a petition for habeas corpus, the Superior Court held that the prisoner "has no basis on which to argue that the DOC does not have the authority to incarcerate him merely because it does not possess a copy of his sentencing order." *O'Hara v. Giroux*, (Pa. Super., No. 15 WDA 2015, filed August 11, 2015) (unreported), slip op. at 6. The rationale supporting these decisions is that, even though the DOC does not possess a prisoner's sentencing order, this fact fails to demonstrate that the prisoner was not convicted of or sentenced for a crime, and there is no legal authority, statutory or otherwise, that provides a prisoner with grounds for discharge in such a scenario. *See Joseph*, 96 A.3d at 372 (stating that "the trial court correctly concluded that, even in the absence

4

of a written sentencing order, the [DOC] had continuing authority to detain [the prisoner].").

Conversely, both this Court and our Superior Court have held that where the criminal docket sheet, or other comparable evidence, reflects that the prisoner was convicted and sentenced, there is "sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order[.]" *Joseph*, 96 A.3d at 372; *see Travis*, slip op. at 6.

This Court may take judicial notice of official court records and public documents in a connected case. *See*, *e.g.*, Pa.R.E. 201(b)(2); *Germantown Cab Company v. Philadelphia Parking Authority*, 27 A.3d 280, 283 n.8 (Pa. Cmwlth. 2011); *Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 2004). Upon our review, we note that the entries for criminal docket numbers CP-51-CR-0203521-2002, CP-51-CR-0203531-2002, and CP-51-CR-0304071-2002 clearly evidence that Connelly was convicted of multiple criminal offenses and the trial court imposed various sentences consecutively totaling a final aggregate sentence of 85 to 170 years' imprisonment. (Docket Sheets, CR-0203521, at 4-5; CR-0203531, at 4; CR-0304071, at 4.) In adjudicating Connelly's federal habeas action, the United States District Court for the Eastern District of Pennsylvania cited notes of testimony from the sentencing hearing, observing: "On December 17, 2003, the trial judge sentenced Connelly to 85-170 years incarceration. Sentencing Transcript, December 17, 2003 at 49-51." *Connelly v. Beard*, (E.D. Pa., No. 09-4711, filed August 9, 2010), slip op. at 3.

Moreover, Connelly previously filed an identical lawsuit, making the same claims and arguments that he currently advances, in the form of a civil rights action which the defendants removed to the United States District Court for the

5

Western District of Pennsylvania. In affirming the district court's dismissal of Connelly's complaint, the United States Court of Appeals for the Third Circuit recounted and determined:

> On October 16, 2013, presumably in response to an inquiry, a records supervisor at SCI-Greene created an "Agency Attestation of Nonexistence of Records" form indicating that she was not in possession of the sentencing orders from Connelly's state court cases. Thereafter, Connelly filed a complaint in the Greene County Court of Common Pleas against the Secretary of the DOC, alleging that, because the trial court never completed a written sentencing order, he was being illegally [confined] . . . .
>
> Connelly does not contend that he was not convicted or sentenced by the Court of Common Pleas. Instead, he asserts that his confinement is illegal because there is no written sentencing order. Connelly argues that this omission invalidates the DOC's authority to hold him in custody and that he thus is entitled to damages. However, the exhibits attached to the motion to dismiss demonstrate that the trial judge signed written sentencing orders in each of Connelly's cases. In addition, the Clerk of Court drafted and signed multiple commitment sheets. Under these circumstances, we conclude that Connelly has not stated a claim to relief that is plausible on its face.

*Connelly v. Secretary of the Pennsylvania Department of Corrections*, (3d Cir., No. 17-1444, filed April 27, 2017) ("*Connelly I*"), slip op. at 1-2.[3]

In his appellate brief, Connelly asserts that he has "not been duly convicted or sentenced. A sentence is not imposed until it is reduced to a written Judgment signed by the sentencing Judge . . . ." (Connelly's reply brief at 4.) However, this issue was also disposed of by the Third Circuit:

---

[3] Available at 2017 U.S. App. LEXIS 7419, at *2-3.

> The sentencing order for count three of CP-51-CR-0304071-2002, which sentenced Connelly to ten to twenty years for kidnapping, is not signed. The sentencing order for the other count in CP-51-CR-0304071-2002, as well as the sentencing orders in all of the other cases, were signed by the judge. The omission does not deprive the document of legal effect.

*Connelly I*, slip op. at 2 n.1; *see also Boyd v. Department of Corrections*, 831 A.2d 779, 783 n.6 (Pa. Cmwlth. 2003).

Under the case law of the Third Circuit and Pennsylvania, the dismissal of an action for failure to state a claim is a final judgment on the merits for purposes of res judicata and collateral estoppel, *Post v. Hartford Insurance Co.*, 501 F.3d 154, 169 (3d Cir. 2007); *Brown v. Cooney*, 442 A.2d 324, 326 (Pa. Super. 1982), and Pennsylvania state courts accord preclusive effect to federal court judgments. *Bardo v. Department of Public Welfare*, 397 A.2d 1305, 1307 n.2 (Pa. Cmwlth. 1979). Because Connelly had a full and fair opportunity to litigate the above issues in his federal civil rights action, the Third Circuit's determination that valid sentencing orders exist in all of his cases are factual and legal issues that have been firmly resolved. As such, this Court will afford the Third Circuit's resolution of these issues preclusive effect, *see Day v. Volkswagenwerk Aktiengesellschfat*, 464 A.2d 1313, 1318-19 (Pa. Super. 1983); *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357-61 (3d Cir. 1999), or, in the alternative, will view the Third Circuit's decision as probative evidence indicating that the sentencing orders do in fact exist.

A hearing is not required where, as here, the petitioner's allegations are refuted by the record and/or the law, or where the petition does not make out a *prima facie* case for allowing the writ. *See Balsamo v. Mazurkiewicz*, 611 A.2d 1250, 1253 (Pa. Super. 1992); *Commonwealth ex rel. Rogers v. Claudy*, 90 A.2d 382, 383 (Pa.

7

Super. 1952). In light of the above, we conclude that the trial court did not abuse its discretion in denying Connelly's Petition without holding a hearing.

Next, Connelly argues that the trial court was obligated to grant his Petition and release him from confinement because Gilmore failed to file a timely response under section 6504 of the Judicial Code, 42 Pa.C.S. §6504. Relatedly, Connelly contends that the trial court's failure to do so constituted interference with a writ of habeas corpus in violation of section 6505 of the Judicial Code, 42 Pa.C.S. §6505.

Section 6504 of the Judicial Code provides:

The writ, or the order to show cause why the writ should not issue, shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding 20 days, is allowed. The person to whom the writ or the order is directed shall make a return certifying the true cause of the detention and, except as otherwise prescribed by general rules or by rule or order of court, shall produce at the hearing the body of the person detained.

42 Pa.C.S. §6504.

Section 6505 of the Judicial Code provides, in relevant part:

Any person who shall fail or refuse to respond to a writ or to an order under this chapter, or who shall change the place of detention of any person for the purpose of defeating the writ . . . or shall do any act for the purpose of defeating the writ or the order, commits a misdemeanor of the second degree.

42 Pa.C.S. §6505.

In the Petition, Connelly does not aver that the trial court issued a writ or an order to show cause to Gilmore and that Gilmore failed to respond to the writ or order. Rather, Connelly contends that Gilmore did not respond or file an answer to

the Petition. However, section 6504 of the Judicial Code does not direct "the person having custody of the person detained," *i.e.*, Gilmore, to respond to the petition for habeas itself. *Id.* To the contrary, under section 6502 of the Judicial Code, "any judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention for any person or for any other lawful purpose." 42 Pa.C.S. §6502. Thereafter, "[t]he writ, if issued, directs the restraining authority to produce the person and state the 'true cause of the detention.'" *Chadwick v. Caulfield*, 834 A.2d 562, 566 (Pa. Super. 2003) (quoting section 6504 of the Judicial Code, 42 Pa.C.S. §6504). According to the plain language of section 6504 of the Judicial Code, it is only after the trial court issues a writ, or ostensibly an order to show cause, that a defendant has to file a response justifying the detention.

In its statutory form, habeas corpus is a "civil remedy," *Commonwealth v. McNeil*, 665 A.2d 1247, 1249-50 (Pa. Super. 1995), and section 6504 of the Judicial Code is a statutory rule that is further supplemented by the rules of civil procedure. *See* Pa.R.C.P. No. 133 (suspending statutes that are inconsistent with the civil rules). Pursuant to the civil rules, absent a rule to show cause, Gilmore was not legally required to respond to the Petition. *See* Pa.R.C.P. No. 206.6(a) (stating that a rule to show cause "shall direct that an answer be filed to the petition."). Further, even if the trial court issued Gilmore with a rule to show cause, any failure on his part to file a timely answer would not automatically mandate that the trial court accept the facts in the Petition as admitted and grant the Petition. *See* Pa.R.C.P. No. 206.7(a) & *Note* (stating that where there is a "failure to file or to timely file an answer," the court may enter an "appropriate order," but that order need not be "adverse" to the defendant).

Indeed, the trial court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. No. 126. Following this rule, Pennsylvania courts have adopted a permissive view regarding the filing of untimely responsive pleadings, and the courts will disregard the untimeliness where the delay in filing does not prejudice the opposing party and especially when justice so requires it. *See Peters Creek Sanitary Authority v. Welch*, 681 A.2d 167, 170 (Pa. 1996); *Gale v. Mercy Catholic Medical Center*, 698 A.2d 647, 650 (Pa. Super. 1997). Here, Connelly does not allege any prejudice as a result of Gilmore's delay in filing an answer or response to the Petition. Given that Connelly's related class-action lawsuit was pending prior to filing the Petition, *see Parnell v. Wetzel*, (Pa. Cmwlth., No. 1737 C.D. 2014, filed July 24, 2015) (unreported), the instant action was stayed by the trial court pending resolution of that lawsuit, and Gilmore filed his motion to dismiss in the interim, we can discern no concrete prejudice inuring to Connelly. Neither can we discern any error in the trial court's procedural treatment and disposition of the Petition.

Finally, section 6505 of the Judicial Code is a criminal statute that makes it a misdemeanor of the second degree to interfere with a writ. 42 Pa.C.S. §6505. Even if this Court accepts, for the sake of the argument, Connelly's rather dubious proposition that the trial court violated section 6505 in either failing to grant the Petition or issue a writ/rule to show cause, this statutory section does not create a civil cause of action, much less provide a textual basis upon which to grant the Petition and order Connelly's release. *Cf. Lindsay v. Thomas*, 465 A.2d 122, 124-25 (Pa. Cmwlth. 1983) (declining to imply a remedy or cause of action into a statute where there was no provision evidencing the General Assembly's intent to create a remedy or cause of action). Moreover, it is beyond cavil that Connelly lacks standing to

10

institute criminal proceedings against the trial court. Despite the fact that an individual is a victim of a crime, the victim only acts as a prosecuting witness, and "the state, represented by the District Attorney, is the party plaintiff in a criminal prosecution." *Commonwealth v. Malloy*, 450 A.2d 689, 693 (Pa. Super. 1982). As such, Connelly cannot criminally prosecute a trial court in these habeas corpus proceedings, and we conclude that his arguments are baseless.

## Conclusion

Having determined that Connelly's assertions of error are meritless, we affirm the trial court's order dismissing his Petition.

_____
PATRICIA A. McCULLOUGH, Judge


Judge Cosgrove concurs in result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth Ex Rel. | : | |
| Troy Connelly, | : | |
|        Appellant | : | |
| | : | No. 1919 C.D. 2016 |
|       v. | : | |
| | : | |
| Robert Gilmore, et al. | : | |

## ***ORDER***

AND NOW, this 25th day of August, 2017, the October 25, 2016 order of the Court of Common Pleas of Greene County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge