IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fredil Rodriguez,      :
                                   :
              Appellant    :
                                   :
            v.                    : No. 715 C.D. 2022
                                 : Submitted: March 24, 2023
Superintendent Oberlander    :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                         FILED: June 23, 2023

Fredil Rodriguez (Inmate), a former inmate at the State Correctional Institution at Forest (SCI-Forest),[1] appeals, *pro se*, the order of the Northumberland County Court of Common Pleas dismissing his Petition for Common Law Writ of Habeas Corpus ad Subjiciendum (Habeas Petition) pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 240(j)(1).[2] We affirm.

The Pennsylvania Superior Court has summarized the facts underlying Inmate's current judgment of sentence, in relevant part, as follows:

> [Inmate's] conviction follows a bizarre incident in which he stabbed his next door neighbor [37] times with her own kitchen knives. In his confession, [Inmate] stated that the victim . . .

---

[1] By a February 3, 2023 letter, Inmate states that he has been transferred to SCI-Dallas.

[2] Pa.R.Civ.P. 240(j)(1) states, in pertinent part: "If, simultaneous with the commencement of an action or proceeding . . . , a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action [or] proceeding . . . if it is satisfied that the action [or] proceeding . . . is frivolous."

stepped out onto her front porch on the morning of June 10, 2005, wearing only her undergarments. When she saw [Inmate], who was outside smoking, she asked if he was locked out of his home or if he needed to use a telephone. [Inmate] responded no to both questions and the victim turned and went into her house. For reasons not established by the record, [Inmate] followed the victim into her home and, when she attempted to ward him off with a knife, [Inmate] punched her, disarmed her, and then stabbed her multiple times. He first used the knife he had taken from her and then others that he took from the kitchen, as some of the knife blades bent during the multiple stabbings. After [Inmate] had inflicted [37] stab wounds, he took off his bloody clothes and placed them inside two plastic garbage bags. He then locked the front door of the victim's house, washed his hands in the victim's sink, and exited through the back door, returning to his own home. The victim died from her injuries.

[*Commonwealth v. Fuentes* (Pa. Super., No. 1288 MDA 2006, filed Oct. 10, 2007), slip op. at 1-2].

On March 17, 2006, [Inmate] entered an open guilty plea, with the assistance of counsel and an interpreter, to one count each of criminal homicide and criminal trespass, and two counts of aggravated assault.[3] At the April 17, 2006 degree of guilt hearing, the trial court found [Inmate] guilty of murder of the first degree. On June 26, 2006, the court sentenced him to a term of life without the possibility of parole plus not less than three nor more than seven years' incarceration. [Inmate] appealed and th[e Superior] Court affirmed his judgment of sentence on October 10, 2007. [*See id.*, slip op. at 1]. [Inmate] did not seek review in the Pennsylvania Supreme Court.

---

[3] "[Sections 2501(a), 3503(a)(1)(i), and 2702(a)(1) and (4) of the Crimes Code,] 18 Pa. C.S. §§2501(a), 3503(a)(1)(i), [and] 2702(a)(1) and [(4)], respectively. The aggravated assault convictions merged for purposes of sentencing. [Notes of Testimony], Sentencing, 6/26/06, at 25." *Commonwealth v. Fuentes* (Pa. Super., No. 174 MDA 2018, filed October 5, 2018), slip op. at 2 n.1.

2

*Commonwealth v. Fuentes* (Pa. Super., No. 174 MDA 2018, filed October 5, 2018), slip op. at 1-2 (citation omitted).

On February 15, 2022, Inmate filed his Habeas Petition[4] against former Superintendent Derek Oberlander at SCI-Forest (Respondent) alleging, *inter alia*, that "Respondent is unlawfully depriving [Inmate] of his liberty in violation of all known rights afforded [him] in violation of the United States and Pennsylvania Constitution[]s," in that Respondent "possesses no lawful documentation that can authorize any commitment or imprisonment . . . ." Habeas Petition at 2, 3. Specifically, Inmate accused Respondent of False Imprisonment based on "the lack of any lawful Commitment Order[5] to grant jurisdictional authority to permit []

---

[4] As this Court has explained:

> Initially, we note that "a claim that a defendant's sentence is illegal due to the inability of the [Department of Corrections (DOC)] to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in habeas corpus." *Joseph v. Glunt*, 96 A.3d 365, 368 (Pa. Super. 2014) (citation and internal quotation marks omitted). A writ of habeas corpus "is an extraordinary remedy that is available after other remedies have been exhausted or are ineffectual or nonexistent . . . [and] is not a substitute for appellate review." *Department of Corrections v. Reese*, 774 A.2d 1255, 1260 (Pa. Super. 2001). Primarily, "the writ of habeas corpus has functioned . . . to test the legality of the petitioner's commitment and detention," *Commonwealth ex rel. Bryant v. Hendrick*, 280 A.2d 110[, 112] (Pa. 1971), and "lies to correct void or illegal sentences or an illegal detention." *Commonwealth ex rel. Butler v. Rundle*, 180 A.2d 923, 924 (Pa. 1962).

*Commonwealth ex rel. Connelly v. Gilmore* (Pa. Cmwlth., No. 1919 C.D. 2016, filed August 25, 2017), slip op. at 3-4; *see also* Pa.R.A.P. 126(b) ("[A]n unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008," "may be cited for [its] persuasive value.").

[5] Section 9764(a)(8) of the Judicial Code states, in pertinent part:
**(Footnote continued on next page…)**

3

Respondent to lawfully restrain [Inmate]." *Id.* at 4. Inmate asserted that "[f]or [] Respondent to arbitrarily delegate authority upon any other document other tha[n] a lawful Commitment Order is contrary to 'Precedent[i]al Law' and establishes an encroachment by [] Respondent upon the judicial powers and authority of the legislature[.]" *Id.* at 4-5. Accordingly, Inmate asked the trial court to "GRANT [his Habeas Petition] without unnecessary delay." *Id.* at 5. Along with his Habeas Petition, Inmate also filed a Petition to Proceed In Forma Pauperis (IFP Petition) in the trial court that same day.

On February 15, 2022, as well, the trial court issued an order stating the following, in pertinent part:

> [U]pon due consideration, it is hereby ORDERED that the action is DISMISSED pursuant to Pa.R.Civ.P. [] 240(j)(1) as frivolous,[6] that is, it lacks an arguable basis in law and fact inasmuch as [Inmate's] confinement is pursuant to his [judgment of] sentence of life without parole entered by this court at No. CR-05-657 following [his] guilty plea to

---

(a) **General rule.--**Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

\* \* \*

(8) A copy of the sentencing order . . . .

42 Pa. C.S. §9764(a)(8).

[6] As this Court has observed: "A frivolous action has been defined as one that 'lacks an arguable basis in law or fact.' Note to Pa.R.C[iv].P. [] 240(j) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). Stated differently, a frivolous action fails to state a valid cause of action on its face. *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997)." *Laramy v. Garman* (Pa. Cmwlth., No. 928 C.D. 2018, filed February 12, 2020), slip op. at 4.

4

criminal homicide and related charges, which [judgment of] sentence has been repeatedly upheld by the Pennsylvania Superior Court on his multiple petitions for post-conviction relief. His claim here of false imprisonment is frivolous.

Trial Court 2/15/22 Order (footnote omitted). Inmate then filed the instant timely appeal of the trial court's order.[7]

On appeal,[8] Inmate claims: (1) Respondent did not have statutory authority to accept or commit Inmate at intake without the particular authenticated or certified records required by Section 9764 of the Judicial Code; (2) Respondent had a statutory responsibility to turn Inmate away at intake absent the particular authenticated or certified records required by Section 9764, and not to commit or hold him as an inmate; (3) Section 9764 does not authorize Respondent to fabricate sentencing and/or commitment forms to commit Inmate after intake; and (4) there is no authority outside of Section 9764 that authorizes Respondent to commit and/or hold Inmate where the requirements of Section 9764 have not been met.

As this Court has elucidated:

> In *Travis v. Giroux* (Pa. Cmwlth., No. 489 C.D. 2013, filed December 18, 2013)[,] a prisoner argued in his petition for a writ of habeas corpus that "the DOC's regulations and the Judicial Code require a sentencing order and other documentation before the DOC may confine an individual" and "because no sentencing order exists for his conviction, the DOC was without authority to confine him." Slip op. at 7. On appeal, this Court affirmed the dismissal of the prisoner's petition,

---

[7] Inmate filed this appeal to the Pennsylvania Superior Court. However, by a June 3, 2022 order, the Superior Court transferred the appeal to this Court.

[8] In reviewing a trial court's order dismissing a petition pursuant to Pa.R.Civ.P. 240(j)(1), this Court is limited to determining whether the appellant's constitutional rights were violated, and whether trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

concluding that "the absence of a sentencing order does not make his confinement illegal." *Id.* Likewise, where a prisoner was unable to secure a copy of his sentencing order through the [Right-to-Know Law[9]] and thereafter filed a petition for habeas corpus, the Superior Court held that the prisoner "has no basis on which to argue that the DOC does not have the authority to incarcerate him merely because it does not possess a copy of his sentencing order." *O'Hara v. Giroux* (Pa. Super., No. 15 WDA 2015, filed August 11, 2015)[,] slip op. at 6. The rationale supporting these decisions is that, even though the DOC does not possess a prisoner's sentencing order, this fact fails to demonstrate that the prisoner was not convicted of or sentenced for a crime, and there is no legal authority, statutory or otherwise, that provides a prisoner with grounds for discharge in such a scenario. *See Joseph*[ *v. Glunt*, 96 A.3d 365, 372 (Pa. Super. 2014)] (stating that "the trial court correctly concluded that, even in the absence of a written sentencing order, the [DOC] had continuing authority to detain [the prisoner].")

Conversely, both this Court and our Superior Court have held that where the criminal docket sheet, or other comparable evidence, reflects that the prisoner was convicted and sentenced, there is "sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order[.]" *Joseph*, 96 A.3d at 372; *see Travis*, slip op. at 6.

This Court may take judicial notice of official court records and public documents in a connected case. *See, e.g.*, Pa.R.E. 201(b)(2); *Germantown Cab Company v. Philadelphia Parking Authority*, 27 A.3d 280, 283 n.8 (Pa. Cmwlth. 2011); *Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 2004).

*Commonwealth ex rel. Connelly*, slip op. at 4-5.

Upon our review, we note that the entries for criminal docket number CP-49-CR-0000657-2005 in the trial court clearly evidence that on March 17, 2006,

---

[9] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

Inmate pleaded guilty to one count each of criminal homicide and criminal trespass and two counts of aggravated assault. *See* Docket Sheets, CP-49-CR-0000657-2005, at 4, 8. The docket entries also clearly evidence that on June 26, 2006, Inmate was sentenced on his homicide conviction to a judgment of sentence of life without parole, and to consecutive terms of three years, six months, to seven years on each of his aggravated assault convictions. *See id.* at 4, 10. As a result, there is sufficient authority by which Respondent may hold Inmate in custody, and the trial court did not err in dismissing Inmate's Habeas Petition without a hearing. *See Commonwealth ex rel. Connelly*, slip op. at 7 ("A hearing is not required where, as here, the petitioner's allegations are refuted by the record and/or the law, or where the petition does not make out a *prima facie* case for allowing the writ.").

Accordingly, the trial court's order is affirmed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fredil Rodriguez,               :
                                 :
           Appellant   :
                                 :
          v.              :  No. 715 C.D. 2022
                                 :
Superintendent Oberlander   :

**PER CURIAM**

**O R D E R**

AND NOW, this 23rd day of June, 2023, the order of the Northumberland County Court of Common Pleas dated February 15, 2022, is AFFIRMED.