J-S31006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
   :
        v.    :
   :
   :
SAMUEL THEODORE ROSS    :
   :
      Appellant    :    No. 221 EDA 2024

Appeal from the Order Entered November 30, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003055-1996

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BOWES, J.:           **FILED OCTOBER 10, 2024**

Samuel Theodore Ross appeals from the order that dismissed his petition for writ of *habeas corpus*. We affirm.

This Court summarized the history of this case as follows in a prior appeal:

> In 1997, Appellant entered an open guilty plea to third-degree murder, robbery, burglary, and criminal conspiracy to commit burglary and robbery. Appellant was sentenced to twenty to forty years' imprisonment for the murder charge, consecutive sentences of five to ten years' imprisonment for the robbery and burglary charges, and concurrent sentences of five to ten years' imprisonment on his conspiracy charges. Thus, Appellant received an aggregate sentence of thirty to sixty years' imprisonment.
>
> On January 20, 1998, this Court affirmed the judgment of sentence on appeal, specifically declining to review Appellant's argument that his sentence was manifestly excessive, as this Court found this claim did not raise a substantial question for review. Appellant did not file a petition for allowance of appeal to the Supreme Court.

Thereafter, Appellant filed numerous petitions (approximately eleven) pursuant to the Post Conviction Relief Act (PCRA), and all of these petitions were denied.[1] . . .

On June 10, 2020, Appellant filed a "Petition for Common Law *Habeas Corpus* Relief," a "Petition to Supplement Newly Discovered Evidence for Common Law *Habeas Corpus* Relief," and a "Supplemental Petition for Common Law Civil *Habeas Corpus* Relief." On September 1, 2020, Appellant filed a "Common Law Writ of *Habeas Corpus*." In these filings, Appellant argued that his sentence was excessive.

On January 8, 2021, the [trial] court dismissed Appellant's filings finding that Appellant's claims challenging the discretionary aspects of his sentence were not cognizable under *habeas* case law.

**Commonwealth v. Ross** ("**Ross**"), 276 A.3d 246, 2022 WL 816811, at \*1 (Pa.Super. 2022) (non-precedential decision) (citations altered). This Court affirmed, observing that in **Commonwealth v. Wolfe**, 605 A.2d 1271 (Pa.Super. 1992), we held "that 'a challenge to the discretionary aspects of sentencing is not a proper basis for *habeas corpus* relief.'" **Ross**, 2022 WL 816811 at \*2 (quoting **Wolfe**, 605 A.2d at 1274).

_____

[1] For example, in 2013 he filed a PCRA petition asserting that he was entitled to relief based upon **Peugh v. United States**, 569 U.S. 530 (2013), in which the High Court held that an ex post facto violation occurs when a defendant is sentenced based upon stricter guidelines promulgated after he committed the criminal acts at issue. We held that "**Peugh** did not establish a watershed rule of criminal procedure because it simply changed the discretion afforded to judges in determining which Guidelines to apply at sentencing. Accordingly, **Peugh** did not set forth a watershed rule of criminal procedure such that it would apply retroactively." **Commonwealth v. Ross**, 140 A.3d 55, 59 (Pa.Super. 2016). We therefore concluded Appellant's petition was properly dismissed as untimely.

Appellant's petition for writ of *habeas corpus* at issue in the instant appeal, along with a supporting memorandum of law, was docketed on September 11, 2023. Therein, Appellant asserted that the trial court applied the incorrect guidelines in sentencing him, and that appellate counsel was ineffective in failing to cite that as a basis for review of the discretionary aspects of his sentence or seeking an allowance of appeal in our Supreme Court in 1998. **See** Memorandum of Law, 9/11/23, at 3-6. He also maintained that this Court's refusal to consider his sentencing claim denied him of due process of law and his constitutional right to an appeal. **Id**. at 4.

Appellant further contended that a sentence imposed through improper use of sentencing guidelines presents a legal issue rather than a discretionary one, but nonetheless does not implicate the legality of his sentence, and therefore the PCRA does not provide a remedy for the error. **See** Petition for Writ of *Habeas Corpus*, 9/11/23, at 2-3. Accordingly, he again requested review of his claim through *habeas corpus* proceedings. **Id**. at 3. The Commonwealth responded that the PCRA provides relief for such errors through claims of ineffective assistance of counsel, and the instant filing should be dismissed as an untimely PCRA petition. **See** Answer and Motion to Dismiss, 11/6/23, at 4-5.

On December 1, 2023, the trial court denied Appellant's *habeas* petition as such on the basis that "[t]he requested relief is not cognizable under *habeas corpus* law." Order, 12/1/23. Appellant filed a motion for reconsideration,

followed by a timely notice of appeal when the court did not rule on the reconsideration request before the appeal period expired. The court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he timely complied, after which the court authored a Rule 1925(a) opinion.

Appellant presents the following questions for our consideration:

> 1.      Whether the [trial] court erred and unlawfully suspended Appellant's privilege to the writ of *habeas corpus*, when it dismissed without a hearing, a legal question as not cognizable under *habeas corpus* law?
>
> 2.      Whether the [trial] court erred and unlawfully suspended Appellant's privilege to the writ of *habeas corpus*, thus denying Appellant's due process right to rebut the presumption of regularity, when it dismissed without a hearing, Appellant's writ of *habeas corpus*?
>
> 3.      Whether under [§] 1504 of the Statutory Construction Act, the common law ruling in [**Wolfe**], is prohibited from being used to subvert the remedy provided under *habeas corpus* statute?
>
> 4.      Whether under [§] 1924 of the Statutory Construction Act, the "regular course of appellate review" exception not expressed by the General Assembly in [§] 6503(b) of the *habeas corpus* statute is excluded from *per se* precluding *habeas corpus* relief?
>
> 5.      Whether intervening authority of our Supreme Court calls into question the common law ruling in [**Wolfe**] that discretionary aspect of sentencing claims are not cognizable under *habeas corpus* law as definitive law?
>
> 6.      The [trial] court erred and unlawfully suspended Appellant's privilege to the writ of *habeas corpus*, thus denying Appellant his right to a remedy guaranteed under the Pennsylvania Constitution, when no other remedy is or has been

available to remedy the sentence in compliance with the mandates of the law, 42 Pa.C.S. § 9721(b).

Appellant's brief at 3 (some capitalization altered).

We begin by recognizing that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013). The fact that the merits of an otherwise-cognizable claim "cannot be considered due to previous litigation, waiver, or an untimely filing" does not mean that there is an "alternative basis for relief outside the framework of the PCRA." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa.Super. 2001).

However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa.Super. 2011) (*en banc*). In that vein, our legislature has provided as follows:

> **(a) General rule.--**Except as provided in subsection (b), an application for *habeas corpus* to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
>
> **(b) Exception.--**Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

42 Pa.C.S. § 6503.

Nonetheless, it remains the law that "the extraordinary remedy of *habeas corpus*, which can be successfully invoked only in exceptional cases, is not a substitute for an appeal or a motion for a new trial, nor is it available for the correction of trial errors." **Com. ex rel. Williams v. Myers**, 162 A.2d 419, 420 (Pa.Super. 1960). **See**, **e.g.**, **Commonwealth v. Semple**, 236 A.3d 1135, 2020 WL 2070371, at *2 (Pa.Super. 2020) (non-precedential decision) (citing **Williams** and **Com. ex rel. Ashmon v. Banmiller**, 137 A.2d 236, 238 (Pa. 1958) ("[A] habeas corpus petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial.")).

Here, Appellant asserts that he is entitled to *habeas corpus* relief based upon a legal error in the application of sentencing guidelines in his case. Claims that a sentencing court misapplied or miscalculated guideline ranges, while they may involve questions of law, nonetheless implicate the discretionary aspects of sentencing. **See**, **e.g.**, **Commonwealth v. Troell**, 290 A.3d 296, 299 (Pa.Super. 2023); **Commonwealth v. Keiper**, 887 A.2d 317, 319 (Pa.Super. 2005).

As relayed above, we ruled in **Wolfe** that discretionary aspects claims are not cognizable through *habeas* proceedings. **See also Ross II** , 2022 WL 816811 at *2. This Court has also held that straight "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA."

*Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007). For this reason, we have construed a petition seeking to modify a sentence filed years after it was imposed as an untimely post-sentence motion which is properly denied due to its untimeliness. *See Commonwealth v. Torres*, 223 A.3d 715, 717 (Pa.Super. 2019); *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa.Super. 2007). Appellant's petition, which raised a discretionary aspects challenge as a basis to modify his sentence more than twenty-five years after it was imposed, was thus correctly rejected.[2]

Insofar as Appellant casts his claim as something other than one involving sentencing discretion, *habeas corpus* relief is still unwarranted. He asserts that his sentence "is so fundamentally unfair as to amount to a denial of due process" and was "secured in a sentencing proceeding lacking due process of law." Appellant's brief at 11. In support, he invokes *Com. ex rel. Ryan v. Rundle*, 192 A.2d 362 (Pa. 1963), in which our Supreme Court stated:

> This Court has reiterated over and over again that *habeas corpus* is not a substitute for an appeal, or a writ of error, or for a motion for a new trial for the correction of trial errors. However, *habeas corpus* is proper and such relief should be granted if the conviction or sentence of the defendant were secured in a proceeding lacking due process of law, or one wherein fundamental rights were denied, or constitutional guarantees impinged upon.

---

[2] "To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record." *Commonwealth v. Williams*, 125 A.3d 425, 433 n.8 (Pa.Super. 2015).

*Id*. at 363 (cleaned up).

Assuming *arguendo* that erroneous guidelines were used in sentencing him, Appellant could have obtained relief on direct appeal if the claim had been properly presented, or through a PCRA claim of ineffective assistance of counsel based upon counsel's failure to properly litigate the direct appeal. Thus, despite his protestations to the contrary, Appellant was not denied the **opportunity** to contest the trial court's utilization of the sentencing guidelines in fashioning his sentence.[3] The fact that he did not make the most of those opportunities is no basis for the extraordinary remedy of *habeas corpus* relief.

_____

[3] Appellant asserts that the PCRA did not provide him a remedy when he filed his first, timely petition because, at that time, the decisional law held that a challenge to counsel's failure to raise a discretionary aspects challenge was not cognizable under the PCRA. **See** Appellant's reply brief at 4 (citing **Commonwealth v. Wolfe**, 580 A.2d 857, 860 (Pa.Super. 1990)). Such PCRA claims were only accepted after our Supreme Court decided **Com. ex rel. Dadario v. Goldberg**, 773 A.2d 126, 130 (Pa. 2001) ("[A]ll constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA petition."). However, this does not amount to a denial of due process or a remedy because Appellant had the same opportunity as James Dadario to seek to change the law by pursuing the matter and filing an appeal to our Supreme Court, but he did not. **Accord Commonwealth v. Watts**, 23 A.3d 980, 988 (Pa. 2011) (Baer, J., concurring) (explaining that Watts was not entitled to the untimely benefit of a change in the law where, "[a]s the Majority notes, Watts had the opportunity to 'become' Bennett[, the litigant who obtained the favorable ruling,] by filing an appeal to this Court raising the same arguments that Bennett did").

For the same reason, his right to a remedy guaranteed by the Pennsylvania constitution has not been violated.[4] ***Accord Commonwealth v. Turner***, 80 A.3d 754, 770–71 (Pa. 2013) (finding no violation of Pa. Const. art. 1, § 11 where "the PCRA made a remedy available to Petitioner 'by due course of law' during the duration of her sentence, a remedy which Petitioner did not avail herself of during the time for which she was eligible for relief").

Therefore, we have no basis to disturb the trial court's order dismissing Appellant's petition.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/10/2024

---

[4] Article 1, § 11 provides as follows in pertinent part: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Pa. Const. art. 1, § 11.